OPINION OF THE COURT
Ralph Diamond, J.
This appears to be a case of first impression submitted for official publication since the adoption of the New York State Support Enforcement Act of 1985 (L 1985, ch 809).
FACTS
The parties have stipulated to the following statement of facts: that the parties were married to each other on July 17, 1972 and two children were born of the marriage. On August 16, 1985 a judgment of divorce was signed in the Supreme Court, Nassau County, which directed the herein respondent to pay the herein petitioner the total sum of $1,000 per month, allocated $500 maintenance and $500 support for the two children. That said judgment of divorce incorporates, but does not merge, a separation agreement entered into by the parties on November 8, 1984. The agreement provides that if the petitioner has an unrelated male living with her four nights or more per week, then the respondent shall not be required to pay the maintenance to her for that particular week. In the event maintenance does end the total amount of support for the children changes.
The amount of the arrears limited to maintenance and child support is $1,000 as of January 16, 1986, the date of the service of the income execution. By an order to show cause signed by the court on January 23, 1986, the respondent moved to terminate maintenance for the petitioner based upon the cohabitation clauses of the separation agreement. On January 27, 1986, the respondent moved by notice of motion to raise an alleged "mistake of fact” contained in the income execution based upon the cohabitation provisions of the separation agreement. The petitioner, by her attorney, served the income execution by mail upon the respondent’s employer on February 6, 1986.
*657 ISSUES
(A) Does a claim of "mistake of fact” based upon a pending court matter satisfy the definition of "mistake of fact” set forth in CPLR 5241 (a) (8)?
(B) May the court consider a "mistake of fact” based upon a separation agreement which has been incorporated, but not merged, in a judgment of divorce?
(C) May a creditor’s attorney who believes the debtor’s "mistake of fact” application has no merit, serve the income execution upon the debtor’s employer, prior to a determination made by the court.
ANALYSIS OF THE ENFORCEMENT ACT
Governor Mario M. Cuomo, in his memorandum of approval of chapter 809, said,
"The bill * * * will enact dramatic and comprehensive reforms of the child and spousal support enforcement system.
"The bill * * * will expedite the judicial resolution of support matters * * * and strengthen income deduction as a support enforcement tool. The bill not only brings New York into compliance with recently enacted federal child support requirements, but extends even greater protections to children and spouses in New York than are now required by federal law.” (1985 McKinney’s Session Laws of NY, at 3324.)
CPLR 5241 (a) (8) defines "mistake of fact” as follows: " 'Mistake of fact’ means an error in the amount of current support or arrears or in the identity of the debtor or that the order of support does not exist or has been vacated.”
The respondent argues that the petitioner’s income execution contains a "mistake of fact” in that the amount of $1,000 arrears is an error. The basis of the claim is that the respondent has an action pending in the Supreme Court based upon a violation of the cohabitation clause contained in the parties’ separation agreement which if true and when proved would eliminate maintenance payments. He states that he can prove the violation allegations, and, therefore, the petitioner is not entitled to maintenance payments which were included in the amount of arrears set forth in the income execution. He further contends that he has paid all child support payments and with the elimination of the maintenance, he is not in default.
The petitioner denies any violation of the cohabitation *658 clauses of the separation agreement. She further argues that the order of support (judgment of divorce) exists and has not been vacated or modified and is in full force and effect and, therefore, is correctly set forth in her income execution form.
In order to determine what changes in the law the Legislature intended, it is essential that the court analyze the relevant sections of the Act and the general purpose of the whole statute as set forth in the guidelines of McKinney’s Consolidated Laws of NY, Book 1, Statutes § 98 (a).
Governor Cuomo has summarized the purpose of the Support Enforcement Act in his aforementioned memorandum stating that the bill will expedite the judicial resolution of support matters by the strengthened use of income deduction as a support enforcement tool.
CPLR 5241 has granted creditor’s attorneys and others a method of obtaining income deductions without the necessity of first obtaining a court order. The word "expedite” is the key to the success of the new Act.
A detailed review of the various sections adopted by the legislators clearly indicates that they have adopted a method of protecting the due process rights of the parties and at the same time discouraging or eliminating delaying tactics impeding a speedy enforcement of a support order.
"Mistake of fact” (CPLR 5241 [a] [7], [8]) in part "means an error in the amount of current support.” The limitation to "current support” is further adopted in CPLR 5241 (c) (2) in setting forth the requirements of the income execution form.
Rights of action, pending court actions, claims of inability to pay, may no longer be used as an excuse to delay the enforcement of an income deduction. These are not "mistake of facts” as defined in CPLR 5241 (a) (8). A debtor, who unilaterally and contrary to the current, present and existing support order creates the "default” as defined in CPLR 5241 (a) (7), has no legitimate cause to complain. The debtor’s remedy to avoid an income execution being levied on his or her employer (income payor) is to continue to make the support payments pursuant to the current support order and promptly commence and diligently pursue a court action.
The herein debtor bases his "mistake of fact” application upon a separation agreement which has been incorporated but not merged in the judgment of divorce.
CPLR 5241 (a) (1) defines "Order of support” and it clearly does not include separation agreements. Until, and unless, the *659 terms or conditions of a separation are set forth in "any temporary or final order, judgment or decree in a matrimonial action or family court proceeding, or any foreign support order * * * which directs the payment of alimony, maintenance, support or child support”, a court may not consider the separation agreement in its determination of a "mistake of fact” application.
ATTORNEY’S LEVY UPON DEBTOR’S EMPLOYER PRIOR TO COURT’S DETERMINATION OF "MISTAKE OF FACT” APPLICATION
The parties agree that the creditor’s attorney served the income execution form upon the debtor and that the debtor’s attorney filed a "mistake of fact” application with the court and further, that the creditor’s attorney levied the income execution upon the debtor’s employer prior to a determination made by the court. The creditor’s attorney’s explanation is that he truly believed that the debtor’s "mistake of fact” had no merit and was not a "mistake of fact.”
CPLR 5241 (e), in part, states: "Where the income execution has been issued by an attorney as officer of the court, the debtor may assert a mistake of fact * * * to the supreme court or to the family court * * * and a determination thereof shall be made, and the debtor notified”.
CPLR 5241 (f), in part, states: "[A]fter a determination pursuant to subdivision (e) of this section has been made * * * the creditor may levy upon the income that the debtor is receiving or will receive by serving the execution upon the employer or income payor”.
A study of the above two sections clearly shows that the "determination” of the merits of the debtor’s "mistake of fact” application must be made by the court and not the creditor’s attorney, who is processing the income execution. No other interpretation is possible. Furthermore, the law requires a creditor’s attorney after a determination has been made by the court (or by Sheriff, clerk or support collection if processed by such officer or agency) to notify the debtor in writing whether the execution will be served and of the time that deductions will begin (see, CPLR 5241 [c] [4]).
A creditor’s attorney, in processing an income execution pursuant to CPLR 5241, is granted the authority to so act as an officer of the court. The creditor’s attorney in this case, *660 having knowledge that a "mistake of fact” application had been made, violated his oath of office by serving the debtor’s employer prior to a court’s determination of the merits of said application and without giving notice to the debtor of the results of the court’s determination.
In considering sanctions against the creditor’s attorney, the court finds that his violation was not willful or contumacious but from ignorance of the new law. The court further finds that the debtor attorney’s "mistake of fact” application, in the form of an order to show cause, did not clearly spell out the basis of the alleged "mistake of fact”. The court has decided to impose no sanctions in this case due to the newness of the statute and the creditor attorney’s admission that he now understands that he acted improperly.
However, this court, wishes to send a strong message to the legal community that, in the future, it will impose the maximum warranted sanctions against attorneys who violate the authority granted to them to process income executions under CPLR 5241. The court will no longer tolerate ignorance of this new law by an attorney as an excuse.
DECISION AND ORDER
The court finds that the debtor’s "mistake of fact” application, based upon a pending court matter does not satisfy the definition of "mistake of fact” as set forth in CPLR 5241 (a) (8). It further finds that the herein income execution based upon the current support order is correct (except that the arrears are $1,000 as stipulated by the parties) and that there is no merit in the debtor’s "mistake of fact” application.
In considering the merits of a "mistake of fact” application, the court finds that the law requires it to limit itself to the current support order contained in the judgment of divorce and may not consider the separation agreement between the parties, which has been incorporated but not merged.
It is further found by the court, that the law prohibits a creditor’s attorney, with knowledge that the debtor has filed a "mistake of fact” application, from serving the income execution upon the debtor’s employer prior to a court’s determination. The ruling of the court is that creditor’s attorney has violated his oath of office, but imposes no sanctions for the reasons stated in its herein decision.
Based upon the above findings, the court denies the debtor’s "mistake of fact” application and orders the creditor’s attor *661 ney to amend the income execution pursuant to CPLR 5241 (b); notify the debtor as per the requirements of CPLR 5241 (c) (4); and serve the amended income execution upon the debtor’s employer, Long Island Trust Company, and further
The court directs Long Island Trust Company, pursuant to CPLR 5241 (g), to abide with the terms and conditions of the amended income execution, if and when, it is served upon them.