OPINION OF THE COURT
Ralph Diamond, J.
This is a case of first impression as to whether the failure of a debtor to file a timely "mistake of fact” application ad *1033 dressed to an income execution (CPLR 5241) based upon a temporary order of support is a bar to having the application heard.
UNCONTESTED FACTS
The parties are not in dispute as to the following:
(a) this court, in a temporary order dated July 14, 1987, required the husband defendant to make certain support and maintenance payments for the plaintiff wife and their two children. The same order required the plaintiff wife, out of a special account, to pay certain enumerated items;
(b) as a result of the alleged failure by the defendant to pay the support and maintenance set forth in the court’s temporary order, the plaintiff wife issued an income execution against the defendant husband pursuant to CPLR 5241;
(c) that the income execution did contain the proper form of notice to the defendant husband as required in CPLR 5241 (c). The plaintiff’s income execution gave the defendant the following notice: "This execution will be served upon any current or subsequent employer or income payor unless a mistake of fact is shown within fifteen (15) days. If the debtor claims a mistake of fact, the mistake of fact may be asserted within fifteen (15) days from the service of a copy of this execution by application to the Supreme Court or to the Family Court”;
(d) that the income execution was personally served upon the defendant on December 29, 1987. The last date for the defendant to make application for a "mistake of fact” was January 13, 1988. The plaintiff served the income execution upon the employer on January 16, 1988. After service upon the employer, the defendant filed his "mistake of fact” application in the Nassau County Supreme Court on January 21, 1988;
(e) the defendant’s "mistake of fact” application is contained in an order to show cause, which requests other forms of relief. The "mistake of fact” application is based upon his claim that the defendant is not in arrears nor in default in connection with the temporary support order of this court.
FACTS IN DISPUTE
The defendant argues that he is not in arrears since he has made all payments due under the order, by paying certain obligations of the plaintiff specified therein, which should be *1034 credited against any arrears allegedly owed by the defendant. In the alternative the defendant’s position is that the plaintiff has not complied with certain monetary provisions contained in the same court order upon which the income execution is based. Since the plaintiff owes more money than the defendant allegedly owes pursuant to the order, the court should determine that the defendant should be credited with an offset. This would establish that there are no arrears due from the defendant, therefore, voiding the outstanding income execution.
The plaintiff contends that the defendant cannot raise the offset or credit issues in a mistake-of-fact application, that a 15-day time period has expired barring the defendant from his mistake-of-fact application, and that the payments by the defendant which in effect paid the plaintiff’s obligations set forth in the order were voluntary and the defendant is not entitled to any credits or offsets.
THE LAW
The New York State Support Enforcement Act of 1985 (L 1985, ch 809) was adopted to expedite the judicial resolution of support matters by the additional use of income deductions without the necessity of first obtaining a court order. The grant of this additional enforcement tool is contained in CPLR 4251.
The legislators adopted a method of protecting the due process rights of the parties and at the same time discouraging or eliminating delaying tactics impeding a speedy enforcement of a support order.
The due process rights of the debtor are protected as follows:
(1) The creditor is required in its income execution to give notice to the debtor that the income execution will be served upon the employer (income payor) unless the debtor files a "mistake of fact” within 15 days after service. The creditor must further notify the debtor of the manner in which the mistake of fact may be asserted (CPLR 5241 [c] [4]);
(2) CPLR 5241 (e), in part, sets forth the following protection "the debtor may assert a mistake of fact * * * within fifteen days from service of a copy thereof.” The law further provides that the creditor must notify the debtor, after a determination by the court or an agency, whether the execution will be served and when the deductions will begin (CPLR 5241 [c] [4]);
*1035 (3) If the debtor does file a mistake of fact within the required 15 days (CPLR 5241 [f]), the creditor is prohibited from serving a levy upon the employer or income payor, until a determination is made by the court or an agency.
EFFECT OF DEBTOR’S FAILURE TO MAKE A TIMELY MISTAKE-OF-FACT APPLICATION
The debtor claims that the 15-day period set forth in CPLR 5241 (e) is for the debtor’s protection and therefore his failure to apply on time does not bar him from asserting his rights to question the validity of the income execution. He urges the court that the statute be liberally construed to permit a hearing otherwise his property will be taken from him without due process of law.
The court rejects the defendant debtor’s arguments for the following reasons. It must be pointed out that in the present case we are concerned with an enforcement of a temporary order of support and maintenance. The debtor’s claim that unless he is granted an immediate hearing his property will be unjustly taken away from him has no merit. The true issue is whether the court should grant him an immediate hearing or consider this disputed issue at the same time it considers all the other financial issues remaining in this proceeding.
In Sloan v Sloan (127 AD2d 650, 651), the Appellate Division, Second Department, stated: "The most effective remedy for the present situation would be to speedily proceed to trial where the disputed financial issues may be resolved (see, Basch v Basch, 114 AD2d 829).”
The court finds that the Legislature has adopted CPLR 5241 to expedite enforcement of all support orders and has provided a notice provision enabling a debtor to defend against the income execution provided he makes timely application. The court finds that the 15-day requirement is reasonable and should be strictly enforced, especially in enforcement of temporary support orders. Debtors may not willfully ignore the 15-day application requirement.
This court, in its decision in Mirabella v Mirabella (131 Misc 2d 655, 658), stated the following: "A debtor, who unilaterally and contrary to the current, present and existing support order creates the 'default’ as defined in CPLR 5241 (a) (7), has no legitimate cause to complain. The debtor’s remedy to avoid an income execution being levied on his or her employer (income payor) is to continue to make the support payments *1036 pursuant to the current support order and promptly commence and diligently pursue a court action. ” (Emphasis supplied.)
For example, the herein defendant, the moment he was aware of the plaintiff’s failure to pay the mortgage, should have commenced an action to modify the herein temporary support order and continued to make the support payments. Had he followed the advisement set forth in Mirabella (supra), he never would have had an income execution served upon him.
The Appellate Division, First Department, in Burns v Burns (126 AD2d 459, 461), stated: "In our view, since an income execution order has been issued, and the primary goal of CPLR 5241 is to expedite judicial resolution and enforcement of child support obligations, defendant must continue to fulfill his obligations until a hearing has been held to determine whether he was entitled to cease payments as a result of plaintiff’s breach of her obligation under the stipulation.”
It is, therefore, the conclusion of this court that the unexplained failure of the defendant debtor to make a mistake-of-fact application within the 15-day statutory requirement in CPLR 5241, involving an income execution based upon a "default” of a temporary order, is a bar to holding a mistake-of-fact hearing on the disputed issues raised in the application. These disputed issues will be considered by the court at a later time together with the remaining financial issues between the herein parties.
DECISION AND ORDER OF THE COURT
The mistake-of-fact application is dismissed, without prejudice to the court considering the merits of the defendant’s claims during the remaining proceedings in this matrimonial matter.
The herein income execution remains in full force and effect and may be levied against the defendant’s employer as set forth in CPLR 5241 (b), (f) and (g).
The defendant’s request that the plaintiff be held in contempt is denied.
CPLR 5241 does not authorize the court to award counsel fees in mistake-of-fact proceedings and, therefore, denies this request. The court points out that even if the section did allow counsel fees, the court would deny such award in view of the defendant’s inexcusable failure to make a timely mistake-of-fact application.
*1037 By order dated December 18, 1987, the parties were directed to complete discovery proceedings on or before March 28, 1988, and the underlying matrimonial action was calendared for pretrial conference on March 28, 1988 at 2:30 p.m.
The defendant’s remaining claims will be addressed at that conference and upon final disposition of the matrimonial action.