GERALD J. CALDERA, Petitioner, v PIERINA CALDERA et al., Respondents.

Supreme Court, Nassau County, November 4, 1988

### APPEARANCES OF COUNSEL

*William F. Chimeri* for petitioner. *Deegan & Scibilla (Marian Rice* of counsel), for Pierina Caldera, respondent. *Edward T. O'Brien, County Attorney,* for Nassau County Department of Social Services, respondent.

### OPINION OF THE COURT

BEATRICE S. BURSTEIN, J.

This is apparently a case of first impression involving whether a contested oral agreement can be the basis for a "mistake of fact", as that term is defined in CPLR 5241. For the reasons set forth below, this court finds that it was rational for the Department of Social Services (DSS) to conclude that an alleged oral modification of an order of support cannot give rise to a "mistake of fact", and therefore cannot be employed to bar the issuance of the income execution provided for in the cited section.

In this CPLR article 78 proceeding the following facts are uncontroverted. Petitioner and respondent Caldera were di-

vorced by judgment entered August 24, 1979, which directed petitioner to pay respondent the sum of $40 per week for child support. In April of 1988 petitioner received notice from the Support Collection Unit (SCU) of DSS that the SCU intended to issue an income execution for support enforcement, pursuant to CPLR 5241. Petitioner submitted a timely written objection. He claimed that by mutual agreement respondent Caldera had waived petitioner's obligation to provide child support in exchange for petitioner's agreement to retire at age 62 instead of age 65, as a result of which respondent Caldera receives Social Security payments in the sum of $400 per month for the support of the parties' son. Respondent Caldera denied that she had entered into any such agreement with petitioner. Respondent DSS determined that petitioner's claim did not constitute a mistake of fact, and issued the income execution. Petitioner then commenced this proceeding for judgment annulling that determination.

DSS contends that an alleged oral modification of an order of support cannot be the basis for a "mistake of fact", and therefore its denial of petitioner's objection had a valid rational basis and was neither arbitrary nor capricious. It points out that the issue of whether there was a binding oral modification is a legal issue requiring a determination beyond the scope of DSS' functioning. This court finds reasonable DSS' conclusion that the term "mistake of fact" was intended to encompass objections which can be resolved expeditiously and which do not involve legal issues.

The order of support which forms the basis for an income execution is defined in the statute. " 'Order of support' means any temporary or final order, judgment or decree in a matrimonial action or family court proceeding * * * which directs the payment of * * * child support." (CPLR 5241 [a] [1].) Here the order of support is the judgment of divorce.

The judgment debtor who claims the income execution should not issue bears the burden of demonstrating that there is a "mistake of fact". (*Blackman v Blackman,* 131 AD2d 801, 805 [2d Dept 1987].) That term is defined by statute. It means "an error in the amount of current support or arrears or in the identity of the debtor or that the order of support does not exist or has been vacated." (CPLR 5241 [a] [8].) In his objection petitioner stated that the Support Collection Unit made an error in the amount of arrears.

When an income execution is proposed by the SCU the

authority to determine whether there is a mistake of fact is vested in the DSS. (CPLR 5241 [e].) If an alleged oral agreement to modify support were considered to be a valid basis for asserting a mistake of fact claim, and the judgment creditor opposed the claim, DSS would be obligated to determine sophisticated legal questions such as whether such an agreement was entered into, and, if so, when it became effective; what its terms were; whether there was consideration, etc., in other words, complex questions of contract law.

A person contesting the conclusion of DSS certainly would be entitled to a hearing, perhaps disclosure, and all of the panoply of rights accompanying the resolution of such an issue. CPLR 5241 does not provide for such review. Although petitioner can obtain review through an article 78 proceeding, as he is now doing, the scope of that review is limited to the issue of whether DSS acted reasonably.

The Social Services Law does provide for appeals from determinations made by DSS. The class of persons entitled to appeal is specified by statute. *(See,* Social Services Law § 22 [3].) It was not amended with the passage of CPLR 5241 to include persons affected by the implementation of that section. Therefore, there would be no way to review such a decision fully on the merits.

Based upon the aforesaid this court concludes that the Legislature did not intend that a mistake of fact include contentions which involve significant legal questions. Under the statute the issue of whether there are arrears is to be resolved simply on the basis of what the order of support directs and proof as to whether there has been compliance. This conclusion is in keeping with the purpose for which CPLR 5241 was enacted, which is the expeditious enforcement of support obligations. *(Burns v Burns,* 126 AD2d 459 [1st Dept 1987]; *Tolson v Tolson,* 138 Misc 2d 1032 [Sup Ct, Nassau County 1988].)

The support order in this case directs payment of $40 per week and petitioner essentially admitted noncompliance. Therefore, DSS' decision to issue the income execution was neither arbitrary nor capricious.

Petitioner was not originally and is not now without a remedy. Assuming, arguendo, that the parties did enter into an enforceable oral modification of the judgment, petitioner should have moved promptly in the matrimonial action to modify the judgment of divorce, or filed a written stipulation

to that effect. The former can still be done. In addition, petitioner has commenced a plenary action to recover the sums paid, and damages, based upon respondent Caldera's alleged breach of contract and fraudulent misrepresentation. What is not permitted is self-help. "Rights of action, pending court actions, claims of inability to pay, may no longer be used as an excuse to delay the enforcement of an income deduction. These are not 'mistake of facts' as defined in CPLR 5241 (a) (8). A debtor, who unilaterally and contrary to the current, present and existing support order creates the 'default' as defined in CPLR 5241 (a) (7), has no legitimate cause to complain. The debtor's remedy to avoid an income execution being levied on his or her employer (income payor) is to continue to make the support payments pursuant to the current support order and promptly commence and diligently pursue a court action." (*Mirabella v Mirabella,* 131 Misc 2d 655, 658 [Fam Ct, Nassau County 1986].) Thus, a party who purportedly enters into a favorable modification of a support obligation bears the burden of obtaining a formal modification of the outstanding support order before unilaterally reducing support payments. This is where the burden belongs. Otherwise, the creditor spouse always will be required to litigate every possible claim a debtor spouse may raise (e.g., claims pursuant to Domestic Relations Law § 248, claims of change in financial circumstances, etc.) before an execution will issue. That is exactly what this statute was designed to prevent.

Accordingly, this petition is dismissed, with costs to respondent Caldera.