OPINION OF THE COURT
Jane S. Solomon, J.
Defendant brings a renewed motion* to dismiss the complaint for failure to state a cause of action. Plaintiff opposes the motion. For the reasons discussed below, defendant’s motion is granted.
Plaintiff commenced this action to recover the sum of $5,900 which he claims was wrongfully attached and collected by defendant pursuant to an "Income Execution Support Enforce *455 ment by An Attorney Pursuant to CPLR 5241 Part A” (Income Execution). Defendant asserts that this amount was properly included in the Income Execution and, in any event, that plaintiff has waived his right to challenge the Income Execution since CPLR 5241 provides the exclusive procedure for challenging an Income Execution and the time within such a challenge may be raised under that statute has long since passed.
The following facts are undisputed. On January 19, 1988 plaintiff and defendant entered into an agreement setting forth their respective rights and obligations with reference to a then pending divorce action in the Supreme Court. Article V (A) of this agreement provided that plaintiff was to pay interim support and maintenance to defendant in the amount of $300 per month; article VIII (4) covers his obligations regarding costs of an apartment. Plaintiff was obligated to make payments under these provisions until the judgment of divorce was entered and he conveyed $425,000 to defendant. Although the final judgment of divorce was entered in the County Clerk’s office on May 15, 1988, plaintiff did not pay the $425,000 until August 24,1988.
In December 1988, the Income Execution was served upon plaintiff for his alleged failure to pay full interim maintenance from January 19, 1988 to August 24, 1988 of $6,000, and telephone and Con Ed bills of $3,121.52 between May 1985 and August 1988. Defendant collected the total amount sought in the Income Execution.
Plaintiff here claims that defendant was obligated to pay the telephone and Con Ed bills, which he says aggregated $5,900 of the amount attached, and he seeks to be repaid. The infirmity of his position lies in his attorney’s acknowledgment that plaintiff and he received the Income Execution and that efforts were made to settle the dispute before the attachment was effected. This conflicts with the attorney’s statement that the claim for reimbursement of telephone bills was "recently discovered”. (It is this same affidavit which contains the perplexing statement that the $5,900 covers telephone bills while the Income Execution identifies $2,851.52 for such charges.) Given the specificity in the Income Execution, which clearly itemizes and describes the components of the sums sought as well as the proper court and challenge procedures, it must be said that plaintiff and his attorney chose to ignore or forego plaintiff’s rights as set forth therein.
*456 Moreover, regardless of the merits of plaintiffs claim, he cannot litigate this issue now. CPLR 5241 (e) appears to set forth the exclusive procedure by which a debtor may challenge the validity of an Income Execution. Under that section, a debtor must assert a mistake of fact and make a submission in support of his objection to the proper body (in this case to the Supreme Court) within 15 days from the service of the Income Execution. Courts have strictly enforced the 15-day time frame in which to challenge an Income Execution. (Tolson v Tolson, 138 Misc 2d 1032, 1035 [Sup Ct, Nassau County 1988].) In Tolson, the movant was eight days late. Here, plaintiff is attempting to challenge the validity of the Income Execution based upon an alleged mistake of fact by a plenary action eight months after the Income Execution issued. As in Tolson, the debtor’s attempt to challenge the validity of an Income Execution after the 15-day period has elapsed must be rejected. The procedure set forth in CPLR 5241 (e) adequately protects a debtor’s and, here, plaintiff’s rights.
Accordingly, plaintiff may not avoid CPLR 5241 (e) by this challenge to the Income Execution in the form of an action for a refund, and defendant’s motion to dismiss the complaint is granted. As I find that this dispute does not arise from a "failure to conform” to the agreement between the parties (see, art XIV [5] thereof), and that the legal issue was not free from doubt, no attorney’s fees are awarded.

 Defendant’s original motion was denied without prejudice, with leave to renew upon submission of a copy of the complaint in this action which is now included in her papers.