■ In the Matter of THOMAS CARUSO, Appellant, v MARGARET HUGUENIN, Respondent. [629 NYS2d 790] —In a proceeding pursuant to CPLR 5241, *inter alia,* to vacate an income execution, Thomas Caruso appeals, (1) as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated February 16, 1994, as denied his petition to set aside the income execution pursuant to CPLR 5241, and (2) from an order of the same court, dated September 9, 1994, which denied his motion pursuant to CPLR 5240 for a determination that no support arrears exist, and to limit his former wife's income execution to current support.

Ordered that the judgment dated February 16, 1994, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 9, 1994, is reversed, on the law and the facts, without costs or disbursements, the motion is deemed one for a downward modification of support, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Pursuant to a judgment of divorce dated April 4, 1985, the appellant former husband was obligated to pay his former wife, the respondent, $200 per week as child support. The appellant failed to comply with the judgment, and the respondent did not seek to enforce the judgment until June 1993, when her attorney filed an income execution pursuant to CPLR 5241. The appellant commenced the instant proceeding, and asserted the existence of a mistake of fact, claiming that there had been an oral modification of the judgment. The appellant also asserted waiver and laches as defenses. The Supreme Court dismissed the proceeding, holding that the grounds asserted by the appellant did not constitute "mistake[s] of fact" within the meaning of CPLR 5241.

Thereafter, the appellant moved, pursuant to CPLR 5240, for a determination that no support arrears exist, and to limit enforcement of the income execution to current support. The Supreme Court denied the motion, holding, *inter alia,* that the appropriate procedure was for the appellant to commence a plenary proceeding to modify the judgment of divorce.

We find that the proceeding brought by the appellant pursuant to CPLR 5241 (e) was properly dismissed, since the objections he asserted do not constitute "mistake[s] of fact" as defined by CPLR 5241 (a) (8) *(see, McGowan v McGowan,* 191 AD2d 618; *Wikso v Wikso,* 164 AD2d 975; *Caldera v Caldera,* 142 Misc 2d 434).

However, the motion brought pursuant to CPLR 5240 was

improperly denied. Since the court had personal and subject matter jurisdiction over parties in what was essentially a proceeding for a downward modification of support, it should not have denied the motion simply because it was brought in the wrong form *(see,* CPLR 103 [c]; *see, e.g., Matter of Maggi v Maggi,* 187 AD2d 722; *Conrad v Lewis,* 93 AD2d 974). Rather, the court should have considered the application on the merits, and held a hearing to determine whether, as the appellant claimed, his ex-wife's failure to seek enforcement of the support provisions of the 1985 judgment until her 1993 income execution, constituted a waiver of her rights *(see, Barringer v Donahue,* 168 AD2d 406; *Petritis v Petritis,* 131 AD2d 651; *Friedman v Excel,* 116 AD2d 433). Accordingly, we reverse and remit for the required hearing. Miller, J. P., Thompson, Santucci and Joy, JJ., concur.