■ LINDA MROWKA, Appellant, v RALPH MROWKA, Respondent. [689 NYS2d 172] —In a matrimonial action in which the parties were divorced by judgment entered April 23, 1992, the mother appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), dated April 23, 1998, which denied her motion to compel the father to contribute to the costs related to the college education of the parties' daughter, Jennifer.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination in accordance herewith.

In reviewing the application of the mother, the Supreme Court incorrectly applied the "unanticipated and unreasonable change in circumstances" standard set forth in *Boden v Boden* (42 NY2d 210). Although the parties' stipulation of settlement was silent as to the costs of college, this does not necessarily mean that an agreement was reached pursuant to which college costs would not constitute a component of the parties' obligation to pay child support (*see, Romans v Romans,* 203 AD2d 549). Thus, the appropriate standard by which the mother's application should be reviewed is the discretionary one found in Domestic Relations Law § 240 (1-b) (c) (7) pursuant to which the court must consider the circumstances of the respective parties, the best interests of the child, and the requirements of justice (*see, Manno v Manno,* 196 AD2d 488).

Under the particular circumstances of this case, including the absence of any explanation in the record as to how the college expenses of the parties' daughter Jennifer have thus far been met, the matter should be remitted to the Supreme Court for a hearing and a new determination. Any award of child support relative to college costs should be made retroactive only to the date of the mother's application (*see,* Domestic Relations Law § 240 [1]; 236 [B] [7] [a]). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.