■ SALVATORE ROMEO, Appellant, v COLENE YOUNG, Also Known as COLENE ROMEO, Respondent. [941 NYS2d 504]—

In a matrimonial action in which the parties were divorced by judgment entered November 29, 2002, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated April 7, 2011, as, after a hearing, in effect, denied that branch of his motion which was to compel the defendant to pay one half of the cost of their children's college expenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff father and the defendant mother were divorced by a judgment entered November 29, 2002, which incorporated by reference a "Stipulation of Settlement" and a "Custody Stipulation of Settlement," each dated April 17, 2002, neither of which provided for the payment of college expenses for their four children (hereinafter collectively the children). As of the spring of 2011, the parties' oldest child was a freshman at a private college and their next oldest child was in the process of applying to colleges.

By order to show cause dated January 15, 2010, the plaintiff moved, among other things, to compel the defendant to pay one half of the cost of the children's college expenses. Neither party provided any financial disclosure (see Domestic Relations Law § 240 [1-b] [c] [7]; 22 NYCRR 202.16 [k]). A hearing was held on the plaintiff's motion, but the plaintiff failed to present any evidence as to the defendant's current financial situation. Based on the absence of any such evidence, the Supreme Court, in effect, denied that branch of the plaintiff's motion which was to compel the defendant to pay one half of the cost of the children's college expenses.

Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), a court may direct a parent to contribute to a child's private education, even in the absence of special circumstances or a voluntary agreement of the parties (see Powers v Wilson, 56 AD3d 642, 643 [2008]; Matter of Holliday v Holliday, 35 AD3d 468, 469 [2006]; Cohen v Cohen, 203 AD2d 411, 412 [1994]). In determining whether to do so, however, "a court must give due regard to the circumstances of the case and the respective parties, as well as both the best interests of the child and the requirements of justice" (Powers v Wilson, 56 AD3d at 643; see Matter of Holliday v Holliday, 35 AD3d at 469). Here, in light of the plaintiff's failure to adduce any evidence as to the defendant's current financial situation (see Matter of Calvello v Calvello, 20 AD3d 525, 527 [2005]), the Supreme Court did not improvidently exercise its discretion in denying the subject branch of the plaintiff's motion. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.

---

Motion by the appellant on an appeal from an order of the Supreme Court, Suffolk County, dated April 7, 2011, to strike the respondent's brief or to strike stated portions thereof on the ground that it refers to matter dehors the record. By decision

and order on motion of this Court dated November 30, 2011, the motion was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the motion is granted to the extent that the following portions of the respondent's brief are stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied:

(1) the phrase beginning with the word "after" and ending with the word "time" on page 2;

(2) the phrase beginning with the word "Importantly" and ending with the word "support" on page 2; and

(3) the phrase beginning with the word "However" and ending with the word "shenanigans" on page 3. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.