■ ANTOINETTE CICCOTTO, Respondent, v ANTHONY CICCOTTO, Appellant. [983 NYS2d 853]—

In a matrimonial action in which the parties were divorced by judgment dated September 8, 1982, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Esposito, J.), dated June 22, 2012, which, inter alia, denied those branches of his motion which were to direct the plaintiff to refund all maintenance payments made in excess of his obligations under a stipulation of settlement dated March 10, 1982, to terminate or vacate a certain income execution, and to direct all income payors under the income execution to cease making payments.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief in 1980 and shortly thereafter, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce dated September 8, 1982. Article 6 (a) of the stipulation provides, in relevant part, that *"[s]o long as* (i) the [defendant] and the [plaintiff] shall live, (ii) none of the Children shall be emancipated (as hereinafter defined), and (iii) the [plaintiff] shall, as to all of the Children, be the resident parent, the [defendant] shall pay the *'annual amount'* (as hereinafter defined) to the [plaintiff], for the support of herself and the Children, *subject to the adjustments set forth in Article 7 hereof"* (emphasis added).

Article 6 (b) (i) of the stipulation, defining the term "annual

amount," provides that "[u]ntil the [plaintiff] shall have remarried" the defendant is to pay her the sum of $10,400, $7,000 of which is allocable to the plaintiff's maintenance and support (subject to an inflation adjustment at article 7.3), and the remainder of which is entirely allocable to the support of the parties' three children. Article 6 (b) (ii) of the stipulation states that "[a]fter the [plaintiff] shall have remarried, the annual amount shall be Six Thousand Dollars ($6,000) . . . allocated entirely to and for the support of the Children." Further, article 7, entitled "Adjustments to Annual Amount; [Plaintiff's] Remarriage," provides for a reduction of the portion of the "annual amount" allocable to child support, by one-third increments, as each child is emancipated.

In February 2010, the plaintiff obtained an income execution for support (hereinafter the income execution), which stated, inter alia, that the defendant owed her maintenance arrears in the total sum of $253,866.66, which included principal and interest, and that the defendant had ceased making monthly maintenance payments in May 1991. One of the parties' sons was designated as the "Income Payor." Beginning in June 2010, the income payor complied with the income execution.

In September 2011, the defendant moved, inter alia, to direct the plaintiff to refund all maintenance payments made in excess of his obligations under the stipulation, to terminate or vacate the income execution, and to direct all income payors under the income execution to cease making payments. The defendant asserted that he complied with his obligation to pay child support pursuant to article 6 of the stipulation and he acknowledged that his final maintenance payment was made to the plaintiff in May 1991, seven years before the parties' youngest child was "emancipated" as defined in article 7.1 of the stipulation. In the order appealed from, the Supreme Court, inter alia, denied those branches of the defendant's motion. The defendant appeals, and we affirm the order insofar as appealed from.

A stipulation of settlement that has been incorporated but not merged into a judgment of divorce operates as a contract, subject to general principles of contract construction and interpretation (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Tamburello v Tamburello, 113 AD3d 752 [2014]; Matter of Berlin, 103 AD3d 797, 798 [2013]). "When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Schiano v Hirsch, 22

AD3d 502, 502 [2005]; *see Matter of Berlin*, 103 AD3d at 798; *Matter of Duggan v Duggan*, 83 AD3d 703, 704 [2011]; *Fragin v Fragin*, 80 AD3d 725, 725-726 [2011]).

The Supreme Court properly rejected the defendant's contention that the stipulation terminated his obligation to pay maintenance to the plaintiff when the youngest of their three children was emancipated. The defendant's construction of article 6 of the stipulation is inconsistent with that portion of the stipulation which allows for the reduction and eventual elimination of the defendant's child support obligation as each of the children becomes emancipated, as defined in article 7.1. Moreover, the defendant's construction is also inconsistent with article 6 (b) (ii) of the stipulation, which eliminates the defendant's obligation to pay maintenance "[a]fter the [plaintiff] shall have remarried" by reducing the defined "annual amount" from $10,400 to $6,000, and allocating the defendant's payments "entirely to and for the support of the Children."

The defendant's contention that the income execution should have been vacated due to a mistake of fact is without merit. Contrary to the defendant's contention, the income payor's alleged lack of authority to comply with the income execution is not a "mistake of fact" within the meaning of CPLR 5241 (a) (8) (*cf. Matter of Eisenstadt v Eisenstadt*, 277 AD2d 378 [2000]; *Matter of Caruso v Huguenin*, 217 AD2d 622 [1995]).

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.