◼ ARTHUR STRUGATCH, Respondent, v TAMI STRUGATCH, Appellant. [24 NYS3d 345]—

Appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated September 16, 2013. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was to require the plaintiff to contribute to the college tuition and expenses of the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing in accordance herewith and a new determination thereafter.

The parties were divorced by a judgment dated September 28, 2012, which incorporated the terms of a stipulation of settlement. With respect to the college expenses of their two children, the parties agreed that each child would have a 529 account and that each party would be the trustee for one of the accounts. The plaintiff moved for certain relief, and the defendant cross-moved, inter alia, to require the plaintiff to contribute to the children's college tuition and expenses. The defendant asserted that the funds in the older child's college account had been exhausted after the child's first year in college, and that she was therefore requesting that the plaintiff be required to pay his pro rata share of college tuition and expenses for both children "until 23 years old or graduation, whichever comes sooner." The Supreme Court denied that branch of the cross motion because the stipulation of settlement was "silent as to further funding of the accounts or agreement or willingness by either party to pay for college expenses beyond the maintenance of those accounts." The defendant appeals.

When interpreting a stipulation of settlement, the court should give fair meaning to the language used by the parties to reach a practical interpretation of the parties' expressed intent so that their reasonable expectations will be realized (see *Ciccotto v Ciccotto*, 116 AD3d 903 [2014]; *Matter of Schiano v Hirsch*, 22 AD3d 502 [2005]). When the intent of the parties is clearly and unambiguously expressed, effect must be given to such intent as indicated by the language used (see *Matter of Schiano v Hirsch*, 22 AD3d at 502-503). Here, the stipulation of settlement reflects only that the parties established separate college accounts for the education of their two children. Contrary to the defendant's contention, the terms of the stipulation do not affirmatively require the plaintiff to contribute to the children's college tuition and expenses beyond the amount of the funds already contained in the subject accounts.

The defendant alternatively relies on Domestic Relations Law § 240 (1-b) (c) (7), pursuant to which a court may, as justice requires, direct a parent to contribute to a child's postsecondary education, even in the absence of a voluntary agreement (*see Silverstein v Silverstein*, 107 AD3d 779 [2013]; *York v York*, 247 AD2d 612 [1998]). In making a determination pursuant to that statute, a court must consider the circumstances of the respective parties, as well as both the best interests of the child and the requirements of justice (*see Romeo v Young*, 93 AD3d 836, 837 [2012]; *Powers v Wilson*, 56 AD3d 642, 643 [2008]; *Mrowka v Mrowka*, 260 AD2d 613 [1999]).

On this record, the Supreme Court had insufficient evidence upon which to make a proper determination in accordance with the statutory requirements. Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Westchester County, for a hearing and, thereafter, a new determination with respect to the subject branch of the defendant's cross motion (*see Chi-Lu Chiang v Tzu-Chien Ju*, 115 AD3d 698 [2014]; *Matter of Paccione v Paccione*, 57 AD3d 900 [2008]; *Mrowka v Mrowka*, 260 AD2d 613 [1999]). Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.