■ Kyle W. Eifert, Appellant, v Donald Alan Eifert, Jr., Respondent. [31 NYS3d 193]—

Appeals from (1) an order of the Supreme Court, Westchester County (Colleen D. Duffy, J.), dated January 16, 2014, and (2) a judgment of that court, dated April 7, 2014. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was for certain child support arrears only to the extent of awarding her the sum of $21,137.49. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of only $21,137.49.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this matrimonial action, in October 2004, the parties entered into a settlement agreement, pursuant to which the defendant agreed to pay child support consisting of two components. The first component required the defendant to pay $4,400 per month. The second component required the defendant to pay 25% of the income he derived from his ownership of stock in Eifert French & Co. A judgment of divorce was entered in 2005, which incorporated but did not merge the settlement agreement.

In August 2013, the plaintiff moved, inter alia, for child support arrears in the sum of $63,283.25 arising from the second component of the defendant's child support obligation. The plaintiff arrived at this sum by performing calculations based on K-1 statements received by the defendant from Eifert French & Co. In opposition, the defendant contended that the second component of his child support obligation should be calculated based on distribution checks he received from Eifert French & Co, rather than K-1 statements, and that the correct amount of arrears he owed for this component of his child support obligation was the sum of $21,137.49. In an order dated January 16, 2014, the Supreme Court denied that branch of the plaintiff's motion which was for child support arrears in the sum of $63,283.25, concluding that the plaintiff's calculation was incorrect and that the arrears should be calculated based on the distribution checks received by the defendant. The court subsequently issued a judgment dated April 7, 2014, in favor of the plaintiff and against the defendant in the principal sum of $21,137.49. The plaintiff appeals.

Contrary to the plaintiff's contention, the record reflects that the Supreme Court properly found that the parties' intent was to calculate the second component of the defendant's child support obligation based on distribution checks issued to him by Eifert French & Co. in February or March of each year (*see Strugatch v Strugatch*, 135 AD3d 848 [2016]). Based upon these calculations, the court correctly determined that the amount of arrears owed by the defendant for the second component of his child support obligation was in the principal sum of $21,137.49.

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.