Matter of Perlman v Kolodny (2025 NY Slip Op 01811)

Matter of Perlman v Kolodny

2025 NY Slip Op 01811

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-12338
2024-00457
 (Docket No. F-9314-21)

[*1]In the Matter of Joseph Y. Perlman, appellant,
v
Miriam S. Kolodny, respondent.

Joseph Y. Perlman, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Alan Beckoff, J.), dated November 21, 2023, and (2) an amended order of the same court (Gabriella F. Richman, S.M.) dated November 22, 2023. The order dated November 21, 2023, insofar as appealed from, denied the father's objections to so much of an order of the same court (Gabriella F. Richman, S.M.) dated September 19, 2023, as, after a hearing, granted that branch of the father's petition which was for an award of child support from the mother for the parties' oldest child only to the extent of directing the mother to pay basic child support in the sum of $657.84 per month and retroactive child support in the sum of $25,736.84 at a rate of $200 per month and, in effect, denied that branch of the father's petition which was, in effect, to direct the mother to contribute to the private school tuition charges for the parties' oldest child or, in the alternative, to reduce his obligation to pay the sum of $375 per month for the private school tuition charges for the parties' three children. The amended order, insofar as appealed from, granted and denied the same relief as the order dated September 19, 2023.
ORDERED that the appeal from the amended order is dismissed, without costs or disbursements, on the ground that no appeal lies from an order of a Support Magistrate before objections have been reviewed by a judge of the Family Court (see Family Ct Act § 439[e]; Matter of Giraldo v Fernandez, 199 AD3d 796, 800; Reynolds v Reynolds, 92 AD3d 1109, 1110); and it is further,
ORDERED that the order dated November 21, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were married in 2005, have three children together. Pursuant to a stipulation of settlement dated April 14, 2013, which was incorporated but not merged into a judgment of divorce dated August 15, 2013, the mother was awarded sole legal and residential custody of the children. The father was required to pay, inter alia, $2,188 per month for basic child support for the three children and $375 per month for the children's private school tuition charges (see Matter of Kolodny v Perlman, 143 AD3d 818, 819).
The father filed a petition seeking a downward modification of his basic child support obligation and an award of basic child support from the mother for the parties' oldest child on the ground that the oldest child now resided with him. In addition, the father, in effect, sought to direct [*2]the mother to contribute to the private school tuition charges for the oldest child. The father contended, among other things, that his obligation to pay the sum of $375 per month for the three children's tuition charges was intended to be a contribution of $125 per month toward each child's tuition charges, and pursuant to the terms of the stipulation of settlement, the mother was required to pay all tuition charges for the oldest child, less his contribution of $125 per month. In the alternative, the father contended that if he was required to pay 100% of the oldest child's tuition charges, his obligation to pay the mother the sum of $375 per month for the three children's tuition charges should be reduced to $250 per month for only the two younger children's tuition charges.
In an order dated September 19, 2023, the Support Magistrate, after a hearing, directed the mother to pay basic child support in the sum of $657.84 per month for the oldest child and retroactive child support in the sum of $25,736.84 at a rate of $200 per month. The Support Magistrate imputed an annual adjusted gross income of $45,360 to the mother and determined that the father's annual adjusted gross income was $227,793.19. The Support Magistrate, in effect, denied that branch of the father's petition which was, in effect, to direct the mother to contribute to the private school tuition charges for the oldest child or, in the alternative, to reduce his obligation to pay the sum of $375 per month for the tuition charges for the three children.
The father filed objections to the Support Magistrate's order. In an order dated November 21, 2023, the Family Court granted the father's objections to so much of the Support Magistrate's order as made a clerical error and otherwise denied his objections. Thereafter, the Support Magistrate issued an amended order dated November 22, 2023, correcting the clerical error. The father appeals from so much of the order dated November 21, 2023, as denied his objections to so much of the Support Magistrate's order as granted that branch of his petition which was for an award of child support from the mother for the parties' oldest child only to the extent of directing the mother to pay basic child support in the sum of $657.84 per month and retroactive child support in the sum of $25,736.84 at a rate of $200 per month and, in effect, denied that branch of the father's petition which was, in effect, to direct the mother to contribute to the private school tuition charges for the parties' oldest child or, in the alternative, to reduce his obligation to pay the sum of $375 per month for the private school tuition charges for the children and from so much of the amended order as granted and denied the same relief as the Support Magistrate's order.
The appeal from the amended order must be dismissed. While a "final order of a support magistrate, after objections and the rebuttal, if any, have been reviewed by a judge, may be appealed" from pursuant to Family Court Act § 1112 (id. § 439[e]), here, the father did not file any objections to the amended order. Morever, the changes reflected in the amended order were merely clerical in nature, as directed by the Family Court in the order dated November 21, 2023.
The Family Court properly denied the father's substantive objections to the Support Magistrate's order. The father contends that the Support Magistrate erred in failing to impute additional income to the mother. "When determining parental income for the purposes of child support, a support magistrate need not rely upon a party's account of his or her own finances, but may impute income to a party based on his or her employment history, future earning capacity, educational background, or money, goods, or services provided by relatives and friends" (Matter of Goldstein v Lika, 226 AD3d 1016, 1017 [alteration and internal quotation marks omitted]; see Family Ct Act § 413[1][b][5][iv], [v]; Matter of Coughlan v Coughlan, 218 AD3d 569, 570). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Matter of DiSapio v DiSapio, 225 AD3d 859, 860 [internal quotation marks omitted]; see Matter of Coughlan v Coughlan, 218 AD3d at 570). Here, the amount of income imputed to the mother by the Support Magistrate is supported by the record and should not be disturbed (see Matter of Goldstein v Lika, 226 AD3d at 1017; Matter of Coughlan v Coughlan, 218 AD3d at 571).
In light of the financial circumstances of the parties, the Support Magistrate providently exercised her discretion in directing the mother to pay retroactive child support at a rate of $200 per month (see Matter of Santman v Schonfeldt, 206 AD3d 812, 813; Santamaria v Santamaria, 177 AD3d 802, 806).
Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as directed the mother to pay basic child support in the sum of only $657.84 per month and retroactive child support in the sum of $25,736.84 at a rate of only $200 per month.
Contrary to the father's contention, the stipulation of settlement does not obligate the mother to pay the oldest child's tuition charges, less his contribution of $125 per month, or entitle him to a reduction of his obligation to pay the sum of $375 per month for the children's tuition charges. "A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Barrezueta v Barrezueta, 230 AD3d 459, 461 [internal quotation marks omitted]; see Matter of Napolitano v Napolitano, 217 AD3d 948, 950). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Matter of English v Smith, 173 AD3d 1022, 1023; see J.A.H. v E.G.M., 171 AD3d 710, 713). "A court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (Matter of Murphy v Murphy, 166 AD3d 779, 779 [internal quotation marks omitted]; see Matter of Napolitano v Napolitano, 217 AD3d at 950). "Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (Barrezueta v Barrezueta, 230 AD3d at 461 [internal quotation marks omitted]; see Matter of Gucker v Gucker, 174 AD3d 710, 711).
Here, the stipulation of settlement does not contain a provision requiring the mother to pay the children's tuition charges or allocating the father's obligation to pay the sum of $375 per month for tuition charges among the three children (see Strugatch v Strugatch, 135 AD3d 848, 849). It is clear from the stipulation of settlement that the parties intended for the father's obligation to pay the sum of $375 per month for the children's tuition charges to be subject to modification only upon an increase in the father's salary or a child's emancipation. In addition, pursuant to the stipulation of settlement, even a child's emancipation would merely give the father the right to seek recalculation of his add-ons and would not entitle him to an automatic reduction of his obligations. Contrary to the father's contention, the Support Magistrate did not, in effect, modify the stipulation of settlement by effectively directing him to pay 100% of the oldest child's tuition charges, in addition to his payment of $375 per month to the mother for the children's tuition charges. The record indicates that the father was voluntarily paying the oldest child's tuition charges for a private school that he selected, while the mother had previously voluntarily paid the oldest child's tuition charges for a private school selected by her.
The father alternatively contends that he demonstrated a substantial change in circumstances warranting a modification of the child support provisions in the stipulation of settlement so as to direct the mother to contribute to the oldest child's tuition charges or to reduce his obligation to contribute to the mother's payment of tuition charges. "The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of White v Holder, 174 AD3d 635, 636; see Family Ct Act § 451[3][a]; Matter of Camacho v Leggio, 227 AD3d 1064, 1065). A court may direct a parent to contribute to a child's educational expenses upon considering the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice (see Family Ct Act § 413[1][c][7]; Matter of Hamilton v Richards, 119 AD3d 573, 574).
Here, the parties' testimony at the hearing demonstrated that the father commenced the application procedures for a private school selected by him for the oldest child, and when the mother initially refused to cooperate in the application process, the father advised her that his parents would contribute to the tuition charges. Further, the father does not contend that he is unable to support himself and pay 100% of the oldest child's tuition charges, in addition to his payment of $375 per month to the mother, who was paying the tuition charges for the private school selected by her for the younger children. In addition, there is no evidence that the needs of the oldest child, who had excelled at her prior school selected by the mother, were better served by attending the private school selected by the father. Under the circumstances, the father failed to demonstrate a substantial [*3]change in circumstances warranting a modification of the child support provisions of the stipulation of settlement so as to require the mother to contribute to the oldest child's tuition charges or reduce his obligation to contribute to the mother's payment of tuition charges (see Zwickel v Szajer, 47 AD3d 1157, 1158; see also Abayomi v Guevara, 215 AD3d 720, 721).
Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as, in effect, denied that branch of the father's petition which was, in effect, to direct the mother to contribute to the tuition charges for the oldest child or, in the alternative, to reduce his obligation to pay the sum of $375 per month for tuition charges.
The father's contention that the Support Magistrate was biased against him is unpreserved for appellate review (see Matter of Remsen v Remsen, 198 AD3d 658, 661). In any event, "when a claim of bias is raised, the inquiry on appeal is limited to whether the court's bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of Goundan v Goundan, 210 AD3d 1087, 1089 [internal quotation marks omitted]; see Matter of Gregoire v Yadram, 177 AD3d 616, 618). A review of the record here shows that the Support Magistrate listened to the testimony, treated the parties fairly, and did not have a predetermined outcome of the case in mind during the hearing (see Matter of Goundan v Goundan, 210 AD3d at 1089; Matter of Remsen v Remsen, 198 AD3d at 661).
The father's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court