■ In the Matter of PHILIP R. RAMOS, Respondent, v KATHLEEN J. RAMOS, Appellant. [657 NYS2d 354] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered January 10, 1996, as denied her objections to stated portions of an order of the same court (Buse, H.E.), dated September 26, 1995, which, after a hearing, *inter alia*, directed her to contribute to the children's private school tuition.

Ordered that the order is modified, on the law and the facts, and as a matter of discretion, by deleting the provision thereof denying the mother's objection to so much of the order dated September 26, 1995, as directed her to contribute the sum of $296 per month toward the children's private school tuition and substituting therefor a provision granting that objection to the extent of directing the mother to contribute the sum of

$123 per month toward the son's private school tuition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Family Court Act § 413 (1) (c) (7) provides that the court may award educational expenses where it determines "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that * * * private * * * education for the child is appropriate". The court clearly considered these factors and properly exercised its discretion in directing the mother to contribute to the son's private school tuition. However, there is no similar basis in the record to justify the court's direction to contribute to the other child's private school tuition (*see, Matter of Cassano v Cassano,* 203 AD2d 563, *affd on other grounds,* 85 NY2d 649). We note that, contrary to the mother's contention, the Hearing Examiner did not direct her to pay tuition arrears retroactive to August 19, 1994. The mother's obligation to contribute to private school tuition became effective September 1, 1995, and therefore arrears would be retroactive to that date.

The mother's remaining contentions are without merit. Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.