◼ In the Matter of ADRIENNE J. MURPHY, Respondent, v MICHAEL E. MURPHY, Appellant. [664 NYS2d 957] —In a support

proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered May 2, 1996, which sustained the mother's objection to an order of the same court (Rodriguez, H.E.), dated October 31, 1996, which denied her petition for an upward modification of child support.

Ordered that the order is affirmed, with costs.

Domestic Relations Law § 240 (1-b) (c) (7) allows the court to award educational expenses where it determines, "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that * * * private * * * education for the child is appropriate" (Domestic Relations Law § 240 [1-b] [c] [7]; *see also, Matter of Ramos v Ramos*, 238 AD2d 427).

The Family Court considered these factors before directing the father to pay one-half of his daughter's unreimbursed private college expenses. Accordingly, the Family Court's determination to sustain the mother's objection was not an improvident exercise of discretion (*see, Matter of McLoughlin v McLoughlin*, 213 AD2d 650; *cf., Matter of Cassano v Cassano*, 203 AD2d 563, *affd* 85 NY2d 649). Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.