■ LOUISE LACORAZZA, Respondent, v JOSEPH LACORAZZA, Appellant. [742 NYS2d 89] —In a matrimonial action in which the parties were divorced by a judgment entered April 5, 1996, the defendant former husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Panepinto, J.), entered July 11, 2001, as, upon a decision of the same court (Deutsch, J.H.O.), dated October 11, 2000, which determined that the defendant former husband was obligated to pay for the parties' son's college tuition in accordance with a stipulation dated January 16, 1996, is in favor of the plaintiff and against him in the principal sum of $8,865 as and for such college expenses.

Ordered that the judgment is modified, by deleting the provisions thereof granting the plaintiff the sum of $8,865 as and for college expenses, and substituting therefor a provision granting her the sum of $2,750 as and for college expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

During the pendency of this matrimonial action, the plaintiff former wife and the defendant former husband entered into a stipulation requiring the defendant to pay the college tuition of their son, Joseph, so long as, inter alia, their son continued to receive the partial scholarships he was receiving at the time of the stipulation. After their son graduated from college, the plaintiff moved, inter alia, to compel the defendant to pay college expenses. The parties' son was expected to graduate college in May 1999, but did not graduate until January 2000. The parties' stipulation stated that the "[h]usband will pay college tuition as long as the son continues to get good grades and maintain[s] himself in good standing and receive[s] the partial scholarships that he is receiving."

Joseph's college transcripts indicate that he maintained a grade point average in the C-plus range. However, the transcripts also indicate a total of 14 credits worth of class withdrawals or incomplete grades. As a result, in order to graduate, Joseph attended an additional semester of college, and incurred additional expenses of $7,920 for tuition.

The defendant paid approximately $5,500 of Joseph's tuition

for the year prior to Joseph's final semester of college. Accordingly, we direct that the defendant pay one half of this amount toward Joseph's tuition for his final semester of college. The defendant expressed a desire to see Joseph complete his studies successfully. Joseph has graduated from college, although it took him a semester longer than anticipated to do so. This is not so unusual an occurrence as to warrant total denial of payment for college tuition expenses. Having regard for the circumstances of the case and of the respective parties, in the best interest of the child, and as justice requires, the payment by the defendant of the amount of $2,750 toward his son's college tuition is warranted (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Matter of Murphy v Murphy,* 243 AD2d 480). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.