■ JULIE D. HAGGERTY, Appellant-Respondent, v. JOSEPH J. HAGGERTY, JR., Respondent-Appellant. In an action in which a judgment of the Supreme Court, Nassau County, *inter alia*, granted plaintiff a divorce and an award for support of the parties' six children, (1) plaintiff appeals from so much of an order of the same court, dated July 17, 1973, as denied her motion (a) to modify the judgment so as to increase the amount of the child support award and (b) for a counsel fee; and (2) defendant cross-appeals from the remainder of the order, which denied his cross motion to amend the judgment so as to permit him to claim the children of the marriage as dependents for tax purposes. Order reversed, without costs, and motion and cross motion remitted to Special Term for a full evidentiary hearing and a new determination in accordance with the views herein set forth. Plaintiff's affidavit in support of her motion states that both the needs of the children and the income of defendant have increased since the divorce decree was entered on February 9, 1971. Defendant does not deny that his income has increased, but contends that the current support payments are more than adequate. Moreover, defendant asserts that he is contributing more than 50% of the amount needed to maintain the children and should thus be allowed to claim the children as income tax deductions. In our opinion, plaintiff has alleged sufficient facts to warrant a full hearing on the question of the increased needs of the children and the increase in defendant's financial condition. "The law is clear that a substantial increase in the financial condition of a father is an independent ground sufficient to support an increase in support for his children" (*Matter of Handel* v. *Handel*, 32 A D 2d 946). Determination as to which parent is entitled to claim the six children of the marriage as dependents for

tax purposes should be made after a hearing. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.