■ In the Matter of ROSE MONTAGNINO, Respondent, v THOMAS MONTAGNINO, Appellant. [617 NYS2d 354] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County

(Koenig, J.), dated March 12, 1993, which denied his objections to an order of the same court (Dwyer, H.E.), dated November 5, 1992, which, after a hearing, directed him to pay child support in the amount of $764.50 per month.

Ordered that the order is affirmed, with costs.

The father moved for downward modification of his child support obligation because the elder of his two sons was 21 years old. Upon concluding that a downward modification was warranted on that ground, the Hearing Examiner was required to apply the Child Support Standards Act *(see,* Family Ct Act § 413) to determine the amount of support for the younger son *(see, Matter of Meyer v Meyer,* 205 AD2d 784; *Matter of Alice C. v Bernard G. C.,* 193 AD2d 97; Family Ct Act § 413 [1] [b] [1]). Contrary to the father's contention, we find that the Hearing Examiner properly exercised her discretion in applying the child support percentage to the parties' combined income in excess of $80,000 in order to provide for their son's private high school tuition *(see,* Family Ct Act § 413 [1] [c] [3]; [f]; *see also,* Family Ct Act § 413 [1] [c] [7]; *cf., Matter of Cassano v Cassano,* 203 AD2d 563; *Manno v Manno,* 196 AD2d 488).

The parties' son was entering his senior year at a private high school at the time of the hearing on the father's application. The Hearing Examiner credited the mother's testimony that the child's academic performance and behavior had improved during the two years he had been enrolled there, and the father offered no evidence that he had previously objected to his son's attendance at the school. The Hearing Examiner further found that the parties, who were both teachers with advanced degrees, placed great emphasis on the value of education *(see, Matter of Montagnino v Montagnino,* 163 AD2d 598). Finally, the father had the financial resources to contribute to his son's tuition. Under the circumstances, we conclude that the Family Court properly denied the father's objections to the Hearing Examiner's order.

We have considered the father's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.