■ In the Matter of GERALDINE McLOUGHLIN, Respondent, v ANDREW McLOUGHLIN, Appellant. [624 NYS2d 221] —In a support proceeding pursuant to Family Court Act article 4,

the father appeals from an order of the Family Court, Suffolk County (Abrams, J.), entered November 30, 1993, which denied his objections to an order of the same court (Fitzgibbon, H.E.), entered August 20, 1993, granting, after a hearing, the mother's application for an upward modification of child support.

Ordered that the order is affirmed, with costs.

The Domestic Relations Law provides, in pertinent part, that "the court may properly direct a parent [as part of the parent's basic child support obligation] to contribute to a child's private college education, even in the absence of special circumstances or a voluntary agreement of the parties, so long as the court's discretion is not improvidently exercised in that regard" *(Manno v Manno,* 196 AD2d 488, 491; *see also, Cohen v Cohen,* 203 AD2d 411; Domestic Relations Law § 240 [1-b] [c] [7]). In determining whether to include such educational expenses as part of the parent's basic child support obligation, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the child, and the requirements of justice *(see,* Domestic Relations Law § 240 [1-b] [c] [7]).

The record in this case evinces that, before directing the father to contribute one-half of his son's unreimbursed private college expenses, the Family Court took into account each of the aforementioned factors. Accordingly, the Family Court's determination was not an improvident exercise of discretion *(see, Cohen v Cohen, supra; cf., Matter of Cassano v Cassano,* 203 AD2d 563). Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.