■ Allen L., Respondent, v Myrna L., Appellant. [638 NYS2d 168] —In an action, *inter alia,* for specific performance of a stipulation of settlement of a matrimonial action in which the parties were divorced by a judgment dated September 7, 1988, the defendant appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 3, 1994, as, after a hearing, denied her counterclaims seeking an upward modification of child support from the plaintiff for the costs of their son's private high school education, and (2) so much of a judgment of the same court, entered July 26, 1994, as denied her counterclaims.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order as denied the defendant's counterclaims is vacated, the defendant's counterclaims are granted, and the matter is remitted to the Supreme Court, Orange County, for a determination of the parties' respective shares of the costs of their son's private high school education and for the entry of a judgment in favor of the defendant and against the plaintiff for the amount paid by her for those costs in excess of her share thereof; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff enrolled the parties' youngest son in a private high school for his sophomore year after it became evident that the public high school he had previously attended could not handle his educational needs. However, the plaintiff was dissatisfied with his son's progress at the private school and did not consent to his return to that school for his junior year. The defendant subsequently re-enrolled their son at the private school and commenced a proceeding in Family Court to compel the plaintiff to contribute to their son's educational expenses. Due to the protracted nature of that proceeding, the defendant financed the costs of their son's education at the private school without the plaintiff's assistance. Pursuant to a stipulation, the Family Court proceeding was withdrawn, and the defendant's claims were interposed as counterclaims in this action. Following a hearing, the Supreme Court determined that the defendant was not entitled to reimbursement for the child's educational expenses and denied her counterclaims.

Since the parties' judgment of divorce and stipulation of settlement were silent as to the costs of private secondary education, the appropriate standard for review of the defendant's application is that found in Domestic Relations Law § 240 (1-b) (c) (7) *(see, Romans v Romans,* 203 AD2d 549; *see also, Matter of Cohen v Rosen,* 207 AD2d 155; *cf., Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Boden v Boden,* 42 NY2d 210). Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard *(see, Matter of Cassano v Cassano,* 203 AD2d 563, *affd* 85 NY2d 649; *Cohen v Cohen,* 203 AD2d 411; *Romans v Romans, supra; Manno v Manno,* 196 AD2d 488). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" *(Manno v Manno, supra,* at 491).

The Supreme Court improvidently exercised its discretion in denying the defendant's counterclaims. The evidence established that the child failed four subjects during his freshman year in the public high school and that his counselor had recommended a private school. The testimony of the headmaster of the private school, together with other documentation

provided by the defendant, established that the child's academic performance and behavior had improved during his enrollment in private school and that it would be in his best interest to complete his education there. Moreover, the plaintiff, a doctor, had the financial resources to contribute to the cost of his son's education *(see, Matter of Montagnino v Montagnino,* 208 AD2d 631; *cf., Matter of Cassano v Cassano, supra).* Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.