■ In the Matter of LYDIA PEIKON-COTZ, Respondent, v JAMES PEIKON, Appellant. [648 NYS2d 996] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support, the father appeals from an order of the Family Court, Rockland County (Garvey, J.), dated November 13, 1995, which denied his objections to so much of an order of the same court (Herold, H.E.), dated March 1, 1995, as, after a hearing, directed him to reimburse the mother for one-half of the private Hebrew day school tuition for the parties' two children commencing with the 1994-1995 school year.

Ordered that the order is affirmed, with costs.

Domestic Relations Law § 240 (1-b) (c) (7) permits the court to direct a parent to contribute to a child's private school education, " 'even in the absence of special circumstances or a voluntary agreement of the parties, so long as the court's discretion is not improvidently exercised in that regard' " *(Matter of McLoughlin v McLoughlin,* 213 AD2d 650; *see also, Cohen v Cohen,* 203 AD2d 411). In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice (Domestic Relations Law § 240 [1-b] [c] [7]). Here, the record demonstrates that the Family Court considered each of these factors in directing the husband to reimburse the mother for one-half of the tuition expenses for the private Hebrew day schools which their sons attend. Under these circumstances,

the court's determination was not an improvident exercise of discretion *(see, Matter of McLoughlin v McLoughlin, supra; Cohen v Cohen, supra)*. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.