■ FRANCES C. YORK, Appellant, v JOHN R. YORK, Respondent. [669 NYS2d 362] —In a matrimonial action in which the parties were divorced by judgment dated April 13, 1987, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated December 6, 1996, as denied that branch of her motion which was for an upward modification of child support.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination in accordance herewith.

The court erred in denying, without a hearing, that branch of the plaintiff's motion which was for an upward modification of child support, to include a portion of the expenses for the child's private secondary education. The child, who, at the time of the instant application was made, was entering her junior year of high school, had attended Roman Catholic private school since the seventh grade. The plaintiff contends that she and the defendant agreed to send their child to "private, 'Catholic' School", and the defendant acknowledges that he voluntarily contributed "over $8,000.00 in the last five years towards his daughter's private education".

The defendant, in contending that he should not be compelled to contribute to the child's educational expenses, did not contend that the child should attend public school in Queens County where she currently resides. Rather, he asserted that the child should not have been withdrawn from the private school in Queens County which she attended for two years, and enrolled in a more expensive private school in Nassau County; in the alternative, he suggested that the child should reside with him in Connecticut so she could attend school there.

Since the parties' judgment of divorce and stipulation of settlement were silent as to the costs of private secondary education, the appropriate standard for review of the plaintiff's application is found in Domestic Relations Law § 240 (1-b) (c) (7) (*see, Allen L. v Myrna L.,* 224 AD2d 495, 496; *Romans v Romans,* 203 AD2d 549). Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court, in its discretion, may direct a parent to pay educational expenses of the child, even in the absence of special circumstances or a voluntary agreement (*see, Matter of Peikon-Cotz v Peikon,* 232 AD2d 644; *Allen L. v Myrna L., supra,* at 496; *Cohen v Cohen,* 203 AD2d 411, 412; *Matter of Cassano v Cassano,* 203 AD2d 563, 564, *affd* 85 NY2d 649; *Manno v Manno,* 196 AD2d 488). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Manno v Manno, supra,* at 491).

In the instant case, the fact that the child has attended Roman Catholic schools since the seventh grade with the agreement and financial support of the defendant warrants a hearing to determine whether continuation of her private school education would serve her best interests and the requirements of justice (*see, Matter of Nugent v Rucks,* 228 AD2d 769). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.