■ In the Matter of GEORGE WIESER, Respondent, v NATALIE WIESER, Appellant. [676 NYS2d 655] —In a proceeding pursuant to Family Court Act article 4 to modify an award of child support, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Suffolk County (Crosson, H.E.), dated January 23, 1997, as granted the petition, directed her to pay $200 per week in child support, and directed her to pay one-half of the children's educational expenses, and (2) from an order of the same court (Fierro, J.), dated April 9, 1997, which denied the mother's objections to the order dated January 23, 1997.

Ordered that the appeal from the order dated January 23, 1997, is dismissed, as that order was superseded by the order dated April 9, 1997; and it is further,

Ordered that the order dated April 9, 1997, is modified, on the law and the facts, by deleting the provision thereof denying the mother's objection to that portion of the order dated January 23, 1997, which directed her to pay one-half of the children's educational expenses, and substituting therefor a provision sustaining that objection; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In determining whether to award educational expenses, the court must consider the circumstances of the case, including the circumstances of the respective parties, the best interest of the children, and the requirements of justice (see, Manno v Manno, 196 AD2d 488). The father failed to present any evidence to support a finding requiring the mother to pay for the private education of the children. The father does not even allege that the education received by the parties' two sons at their private schools is superior to the education they would receive at a public school. The father also failed to present any evidence to support a finding that the mother must pay for the children's college expenses. In fact, it appears from the record that the mother could not afford to do so.

The mother's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.