■ ALLEN L., Appellant-Respondent, v MYRNA L., Respondent-Appellant. [676 NYS2d 674] —In an action, *inter alia,* for specific performance of a stipulation of settlement in a matrimonial action in which the parties were divorced by judgment dated September 7, 1988, (1) the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Pacione, J.), dated July 3, 1997, as, after a hearing upon the remittitur of the matter by this Court pursuant to a decision and order dated February 13, 1996, for a determination of the parties' respective shares of the costs of their son's private high school education and the entry of a judgment in favor of the defendant and against the plaintiff for the amount of those costs paid by her in excess of her share, is in favor of the defendant and against him in the principal sum of $35,330 as reimbursement of money expended by the defendant for the private high school education costs of the parties' son, and (2) the defendant cross-appeals, as limited by her brief, from stated portions of the same judgment.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which awarded the defendant the principal sum of $35,330 and substituting therefor a provision awarding to her the principal sum of $38,260; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

By decision and order dated February 13, 1996, this Court directed that the plaintiff pay to the defendant his share of the costs of the private high school education of the parties' son (*see, Allen L. v Myrna L.,* 224 AD2d 495), and remitted the

matter to the Supreme Court, Orange County, for a determination of the parties' respective shares of such costs. Following a hearing, the Supreme Court determined that the defendant was entitled to a judgment in the principal sum of $35,330 against the plaintiff. Taking into consideration all of the relevant evidence, we find that the plaintiff's share of the costs of the parties' son's private high school education is $38,260.

The plaintiff paid the sum of $17,301 to the private high school, and the defendant paid a total of $43,755. Hence, the aggregate amount expended to finance the son's education at the private high school was $61,056, not $56,700 as found by the court.

With regard to the court's calculation of the parties' income, the defendant properly argues that the court should have considered the plaintiff's total income and not just his "adjusted gross income" in determining his share. We find it appropriate to discount from such income the money paid by the plaintiff toward the college expenses of the parties' daughter, as those funds were not available to him as income. Further, we have credited the plaintiff for a portion of the child support that he contributed for the son during the 1990-1991 school year, when he also paid the son's educational costs (including room and board) (*see, e.g., Reinisch v Reinisch,* 226 AD2d 615; *Paro v Paro,* 215 AD2d 965; *cf., Matter of MacVean v MacVean,* 203 AD2d 661). The average income of the plaintiff for the subject years 1990 to 1992 was $233,321. In calculating the defendant's share of the education costs of the parties' son, the total income as reflected in her income tax returns should be used; however, to such income should be added the child support payments made by the plaintiff for the years of 1991 and 1992. The average income of the defendant in the years at issue was $25,324.

Based upon the foregoing assessment of the parties' income, the defendant's share of the costs for the private high school education of the parties' son is 9% of the $61,056 total costs, or $5,495, and the plaintiff is responsible for 91% or $55,561 for such costs.

Accordingly, the defendant is entitled to judgment against the plaintiff in the principal sum of $38,260, representing the amount that she paid in excess of her equitable share after crediting the plaintiff for the $17,301 that he paid in 1991. As found by the court, the award shall be payable by the plaintiff over a term of three years in equal installments.

The defendant's remaining contention is without merit. Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.