■ LINDA CANNATA, Appellant, v ANTHONY CANNATA, Respondent. [712 NYS2d 125] —In a matrimonial action in which the parties were divorced by a resettled judgment dated April 13, 1988, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Parga, J.), entered May 27, 1999, which, *inter alia*, denied those branches of her cross motion which were (1) to direct the defendant to pay one-half of their children's unreimbursed medical expenses, (2) for a credit for payments she made which reduced the principal balance of the mortgage on the marital residence, and (3) to direct the defendant to provide proof that the parties' children are the sole beneficiaries of his estate pursuant to a stipulation dated June 9, 1987.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the cross motion which was to direct the defendant to provide proof that the parties' children are the sole beneficiaries of his estate until such time as they become emancipated and substituting therefor a provision granting that branch of the cross motion and, (2) adding a provision thereto directing that interest upon the sum of $1,764.85, representing the outstanding balance of arrears owed by the defendant to the plaintiff shall be computed from October 20, 1988, to the date of payment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1975 and have two children, born in 1977 and 1982. Pursuant to a stipulation between the parties, entered into on June 9, 1987, which was incorporated into but did not merge with the judgment of divorce, the plaintiff was granted sole occupancy of the marital residence. The residence was to be sold within 10 years, and the net proceeds were to be divided equally between the parties. In addition, the defendant was required to make the infant issue of the marriage the sole beneficiaries of his estate until their emancipation. There was no mention of the children's college education in this stipulation.

On October 20, 1988, the parties entered into a second stipulation which provided, *inter alia*, that the sum of $1,764.85, representing the outstanding balance of arrears the defendant owed to the plaintiff, would be paid from the proceeds of the sale of the marital residence. The plaintiff waived child support and agreed to pay the defendant a $15,000 distributive award.

When the plaintiff failed to sell the marital residence, the defendant moved to compel the sale and for the appointment of

a receiver. The plaintiff cross-moved, *inter alia*, to compel the defendant to pay a portion of the children's college education costs, to file proof that he named the children as the sole beneficiaries of his estate, for retroactive child support, counsel fees, and a credit for payments she made which reduced the principal balance of the mortgage. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. We modify.

It is clear that the plaintiff, as the custodial parent, has the means to adequately support the children and has failed to show that there has been any unanticipated change in circumstances to warrant modification of the stipulation regarding child support (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Matter of Boden v Boden,* 42 NY2d 210, 213). Neither would it be fair and equitable under the circumstances of this case to require the defendant to contribute to the cost of his children's college education (*see, e.g., Allen L. v Myrna L.,* 224 AD2d 495, 496; *Rocchio v Rocchio,* 213 AD2d 535; *Manno v Manno,* 196 AD2d 488). The Supreme Court also properly denied the plaintiff's application for counsel fees (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879).

The plaintiff, however, is entitled to receive interest on the sum of $1,764.85 representing arrears that the defendant has owed since 1988. Further, the defendant should be required to submit proof that his children are the sole beneficiaries of his estate in accordance with the provisions of the parties' 1987 stipulation.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.