■ RANDIE M. WASSERMAN, Respondent, v PHILIP EISENBERG, Appellant. [731 NYS2d 14] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about August 25, 2000, as supplemented by an order entered September 8, 2000, which, *inter alia*, granted plaintiff mother's motion for an upward modification of child support in the

amount of $25,000, representing the cost of sending the parties' child to a boarding school for emotionally disturbed children, and directed defendant father to pay the forensic expert a fee of $3,250, and judgment, same court and Justice, entered September 29, 2000, awarding plaintiff attorneys' fees of $57,199, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 4, 2000, which, *inter alia*, directed defendant to pay plaintiff interim attorneys' fees of $7,500, unanimously reversed, on the facts, without costs, and vacated as subsumed in the September 29, 2000 judgment. Appeal from order, same court and Justice, entered January 18, 2001, which deemed defendant's motion for a reduction of his child support obligation in an amount representing room and board at the boarding school to be a motion for reargument, and, so considered, denied the motion, unanimously dismissed, without costs.

Since the parties' stipulation of settlement and judgment of divorce are silent as to the costs of special education, plaintiff's motion to compel defendant's payment of those costs is governed by Domestic Relations Law § 240 (1-b) (c) (7), which authorizes the court to direct a parent to contribute to such costs, even in the absence of special circumstances or voluntary agreement, if such be in the child's best interests and required by the circumstances of the case and of the respective parties (*see, Allen L. v Myrna L.*, 224 AD2d 495, 496). The record, which includes the recommendation of a court appointed forensic expert, strongly supports the finding that the child's best interests would be served by the educational program offered by the boarding school in which plaintiff wishes to place the child. The motion court's finding, largely one of credibility, that the $25,000 annual cost of the boarding school is within defendant's means and should be paid entirely by him was properly based on, *inter alia*, defendant's failure to explain a prior statement, made to procure an indemnity bond to secure the cost of the boarding school, that his assets total $10 million (*see, Charpié v Charpié*, 271 AD2d 169, 173). Although defendant did not call the forensic expert as his witness, the court appointed her at his request, and, in view of the parties' respective financial situations, it was a proper exercise of discretion to direct defendant to pay the expert's fee (Domestic Relations Law § 237 [a]). The interim award of $7,500 in attorneys' fees should be vacated in view of the motion court's statement that, because defendant had failed to pay that award, it was including it in the final award of attorneys' fees. In all other respects, the award of attorneys' fees was a proper exercise of discretion (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879). Al-

though defendant did not denominate his motion for a setoff of the room and board at the boarding school against his child support obligation as one for reargument, he sought to convince the court that it had misapplied the law in granting such costs as additional child support with no reduction relative to the child's absence from the mother's home. The motion was plainly in the nature of reargument, the denial of which is not appealable (*see, Iocovello v City of New York*, 272 AD2d 201, *lv dismissed* 95 NY2d 879). Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.