■ CAROLINE SASLOW, Respondent, v EDWIN J. SASLOW, JR., Appellant. [758 NYS2d 825] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered August 21, 2001, which, inter alia, directed him to pay child support in the sum of $328.07 per week, directed him to pay 83.1% of the cost of the children's medical insurance and unreimbursed medical expenses,

awarded the plaintiff a share of the appreciated value of the commercial condominium in Manhattan, directed him to pay 83.1% as his pro rata share of the college and educational expenses of the parties' son, awarded maintenance in the sum of $800 per month, and awarded counsel fees to the plaintiff. Justice Townes has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by (1) deleting the provision thereof directing that the defendant pay child support in the sum of $328.07 per week and substituting therefor a provision directing him to pay child support in the sum of $281.92 per week, on consent, (2) deleting the provision thereof directing that the defendant pay 83.1% of the cost of the children's medical insurance and unreimbursed medical expenses and substituting therefor a provision directing him to pay 67% of those expenses, on consent, (3) deleting the provision thereof awarding the plaintiff a share of the appreciated value of the commercial condominium in Manhattan, and (4) deleting the provision thereof directing the defendant to pay 83.1% as his pro rata share of the college and education expenses of the parties' son; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a determination in accordance herewith as to whether an award of college and educational expenses is appropriate, and the entry of an appropriate amended judgment.

As the plaintiff correctly concedes, the Supreme Court improperly failed to deduct the spousal maintenance payments from the defendant's gross income before computing child support (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Frankel v Frankel,* 287 AD2d 686 [2001]). As the plaintiff also correctly concedes, the Supreme Court carried this error forward when it determined the parties' pro rata shares of the children's medical insurance and unreimbursed medical expenses. In that regard, these obligations should have been determined as set forth in the decretal paragraph.

The law is clear that in determining child support, a court may also order a parent to contribute to the child's educational expenses (*see* Domestic Relations Law § 240 [1-b] [c] [7]). However, a court does not have unfettered discretion in making such an award. A court must have regard for the circumstances of the case and the respective parties, as well as the best interests of the child (*see Matter of Cassano v Cassano,* 203 AD2d 563 [1994], *affd* 85 NY2d 649 [1995]; *Chan v Chan,*

267 AD2d 413 [1999]; *Matter of McLoughlin v McLoughlin,* 213 AD2d 650 [1995]). However, where, as here, a court makes no findings—or there are no facts in the record—to support such an order, reversal is proper (*see Mrowka v Mrowka,* 260 AD2d 613 [1999]; *Matter of Wieser v Wieser,* 253 AD2d 467 [1998]). In that regard, we remit the matter to the Supreme Court for a proper determination as to whether an award of college and educational expenses is appropriate. We note that if the Supreme Court is inclined to make such an award, it must give a credit to the defendant against his child support obligation for the period of time that the parties' son is away at school (*see Jablonski v Jablonski,* 275 AD2d 692 [2000]; *Sheridan v Sperber,* 269 AD2d 439 [2000]; *Justino v Justino,* 238 AD2d 549 [1997]).

The Supreme Court improperly determined that the appreciation in value of the commercial condominium in Manhattan is marital property. The plaintiff failed to prove any specific increase in value and that any increase was due in part to her contributions or efforts (*see Kraeger v Kraeger,* 271 AD2d 657 [2000]).

Following the dissolution of this 18-year marriage, the Supreme Court providently awarded $800 per month in maintenance for a period of five years to enable the plaintiff to become self-supporting (*see Schenfeld v Schenfeld,* 289 AD2d 219 [2001]; *DeNapoli v DeNapoli,* 282 AD2d 494 [2001]; *Granade-Bastuck v Bastuck,* 249 AD2d 444 [1998]; *Costello v Costello,* 268 AD2d 403 [2000]; *Love v Love,* 250 AD2d 739 [1998]). The fact that the Supreme Court failed to set forth the reasons for its award in detail is not fatal, since the reasons for that determination are clear from the face of the record (*see Formato v Formato,* 134 AD2d 564 [1987]; *Harrilal v Harrilal,* 128 AD2d 502 [1987]; *Schor v Schor,* 97 AD2d 460 [1983]).

In light of the defendant's obstructionist litigation tactics and the financial circumstances of the parties, the Supreme Court providently awarded counsel fees to the plaintiff (*see* Domestic Relations Law § 237; *Matter of Israel v Israel,* 273 AD2d 385 [2000]; *Walker v Walker,* 255 AD2d 375 [1998]; *Pauk v Pauk,* 232 AD2d 386 [1996]; *Matter of Getman v Getman,* 156 AD2d 686 [1989]; *Brennen v Brennen,* 148 AD2d 487 [1989]; *Cotton v Cotton,* 147 AD2d 436 [1989]).

The parties' remaining contentions either are not properly before this Court, or are without merit. Santucci, J.P., Feuerstein, Schmidt and Townes, JJ., concur.