OPINION OF THE COURT
Howard Berler, J.
Pending before the court is an application by Linda Cimino, *435 the former wife of the incapacitated person, Steven Cimino, for an order expanding the guardian’s powers. The specific authority sought is:
“1) to provide for the educational support of steven cimino’s children, namely Stefany and Joseph Cimino, including payment of one-half of their college tuition, retroactive to their respective first semesters of college; 2) to discontinue payment of health insurance coverage for mr. cimino’s children based upon such payments being assumed by Linda Cimino; 3) to discontinue claiming Joseph Cimino as Dependent with respect to steven cimino’s Income Tax Returns, based upon such claim being assumed by Linda Cimino; 4) to include steven cimino’s children — namely, Anthony Cimino, Stefany Cimino and Joseph Cimino as interested parties herein entitled to receipt of all further reports and accountings herein and notice of all future proceedings with respect to this guardianship.”
The guardian has cross-moved for an order “amending the Steven Cimino Supplemental Needs Trust to authorize the Trustee to provide for the educational support of Steven Cimino’s children, namely, Stefany Cimino and Joseph Cimino, by paying one-half (V2) of their college tuition, provided that such amendment will not adversely affect the Medicaid benefits that Steven Cimino presently receives.”
Steven Cimino and Linda Cimino were divorced pursuant to a judgment dated March 27, 1992. In accordance with that judgment Steven Cimino was obligated, inter alia, to “keep and maintain hospital and medical insurance coverage as presently provided, or better coverage, for the benefit of the children, so long as he is obligated to make child support payments.” The judgment further provided that Steven Cimino “shall claim the child Joseph cimino as an exemption on his personal income tax returns for income tax purposes so long as he complies with the terms of the Stipulation of Settlement herein executed * * Nothing in either the judgment of divorce or the referenced stipulation of settlement refers to an obligation to pay college tuition.
Carol Pitkewicz was appointed as the guardian of Steven Cimino pursuant to an order and judgment dated September 4, 1998. The need for a guardian stemmed from injuries sustained by Steven Cimino subsequent to the divorce action. That order *436 and judgment authorized the establishment of a supplemental needs trust for the benefit of Steven Cimino out of which certain expenses could be paid including child support, premiums for health insurance for Steven Cimino’s children, life insurance premiums, medical expenses for the children and “[o]ne-half (V2) of the annual college education costs at any State University of New York (S.U.N.Y.) for steven’s son, Anthony cimino, should he attend such S.U.N.Y. facility.”
The duties and obligations of Steven Cimino owing to his former wife and his children, and his rights arising out of the divorce action, are defined by the stipulation of settlement of such action and the judgment of divorce. By her application to modify those duties, obligations and rights by an expansion of the guardian’s powers, Linda Cimino is, in effect, seeking to have the court in the guardianship proceeding amend the judgment in the divorce action. The more appropriate application in this part, presently, is for an expansion of the powers of the guardian to include authority to seek modification of the judgment of divorce and to have the power to implement the terms of such judgment upon its modification. This is not the forum for adjusting the duties, obligations and rights of the parties in the divorce action.
An unusual “twist” in this case is that it was the undersigned who issued the judgment of divorce in the action between Steven Cimino and Linda Cimino. The court’s computer records reflect that the said matrimonial action has not been reassigned to any other justice’s current case inventory. Thus, all the necessary “parties,” including the presiding justice, to an application for modification of the judgment of divorce are seemingly present for purposes of the instant application. Nevertheless, the matrimonial action is not part of the undersigned’s case inventory and modification of the judgment, if any, should be directed by an IAS justice to whom the case will be assigned in accordance with appropriate procedures.
In order to allow the issues to be considered, the court grants Linda Cimino’s motion to the extent of expanding the guardian’s powers to allow her to prosecute or defend the interests of Steven Cimino in any proceedings that may be brought for modification of the judgment of divorce or the stipulation of settlement in the divorce action. Currently, the order and judgment appointing the guardian for Steven Cimino gives no authority to the guardian to litigate the issues, or to agree to a modification of the stipulation of settlement or the judgment of divorce. Thus, the guardian’s powers are hereby expanded to allow her to do so before the matrimonial part of the court.
*437 The court notes that in that forum, with the consent of the parties, the court may permit amendment of the terms of the divorce stipulation of settlement (cf., Gold v Gold, 156 AD2d 874 [3d Dept 1989]) and the judgment of divorce (cf., Lamberti v Lamberti, 158 AD2d 449 [2d Dept 1990]). Further, in the absence of consent, the court can modify the judgment as it pertains to the obligation to pay the children’s college tuition upon a proper showing (see, Domestic Relations Law § 240 [1-b] [c] [7]; Mrowka v Mrowka, 260 AD2d 613 [2d Dept 1999]; York v York, 247 AD2d 612 [2d Dept 1998]; Allen L. v Myrna L., 224 AD2d 495 [2d Dept 1996]; Manno v Manno, 196 AD2d 488 [2d Dept 1993]). The court can also consider which party should be entitled to declare the children as dependents for income tax purposes (see, Haggerty v Haggerty, 43 AD2d 969 [2d Dept 1974]) and make adjustments in the obligation to maintain insurance (cf., Miness v Miness, 229 AD2d 520 [2d Dept 1996]).
The guardian may require the assistance of counsel in any proceedings in the matrimonial action. If she elects to be represented, counsel must be from the Office of Court Administration’s approved list of counsel for guardians. A proposed order may be submitted to the court, which, when signed, will constitute the court’s appointment of such counsel.
The guardian, who is also the trustee of the supplemental needs trust, has, by her cross motion, in effect, partially agreed to the relief requested in the motion of Linda Cimino to the extent that she wants to provide for payment of one half of the cost of the college education of Steven Cimino’s children from supplemental needs trust funds, provided that such an amendment of the trust will not adversely affect Steven Cimino’s Medicaid benefits. Amendment of the supplemental needs trust could be accomplished in this proceeding independent of the divorce action. The court, however, declines to direct such amendment at this time.
Based on the fact that notice of the current applications was given to the New York City Human Resources Administration (and not to the Suffolk County Department of Social Services) the court assumes that the New York City Human Resources Administration is the local agency through which Steven Cimino’s Medicaid benefits are being provided. Payment of the trust beneficiary’s children’s college tuition from trust funds is not generally a permissible provision of a supplemental needs trust (see, Matter of Graham [Greenstein], 195 Misc 2d 628 [Sup Ct, Suffolk County 2003]). Thus, the court will require the express *438 consent of the local agency through which Steven Cimino’s Medicaid benefits are being paid before authorizing the proposed amendment of the subject supplemental needs trust (cf., Matter of McMullen, 166 Misc 2d 117 [Sup Ct, Suffolk County 1995]). The court will also require proof that, if such tuition is paid, sufficient trust funds will remain to adequately meet the needs of Steven Cimino that are not provided by governmental benefits. Finally, the court notes, in general, that it approves of the tenor of the guardian’s cross motion. The court supports the notion of providing for the education of Steven Cimino’s children, which it suspects would have been approved by Steven Cimino if he had the capacity to do so. However, the court sees no need to provide for retroactive payments, and deems it more appropriate to provide for such education expenses prospectively.
In accordance with the foregoing, it is ordered that the branches of this motion by Linda Cimino for an order expanding the guardian’s powers to include the authority (1) to provide for the educational support of Steven Cimino’s children, namely, Stefany and Joseph Cimino, including payment of one half of their college tuition, retroactive to their respective first semesters of college; (2) to discontinue payment of health insurance coverage for Steven Cimino’s children based upon such payments being assumed by Linda Cimino; and (3) to discontinue claiming Joseph Cimino as dependent with respect to Steven Cimino’s income tax returns, based upon such claim being assumed by Linda Cimino, are granted to the extent that the guardian is granted authority to represent Steven Cimino’s rights and interests in proceedings in the matrimonial action in which application for modification of the judgment of divorce may be sought, and it is further ordered that the guardian is authorized to select counsel to represent her in such proceedings in the matrimonial action, provided that such counsel is on the Office of Court Administration approved list of counsel for guardians, and upon such selection of counsel the guardian may submit a proposed order to this part, which order shall constitute the court’s appointment of such counsel, and it is further ordered that upon modification of the judgment of divorce, if any, the guardian or Linda Cimino may settle an order providing for the expansion of the guardian’s powers to comply with the specific terms of such modified judgment, if any, and it is further ordered that the branch of this motion by Linda Cimino for an order directing that Steven Cimino’s children, Anthony Cimino, Stefany Cimino and Joseph Cimino be *439 added as interested parties herein entitled to receipt of all further reports and accountings herein and notice of all future proceedings with respect to this guardianship, is granted, and it is further ordered that this cross motion by the guardian for an order amending the Steven Cimino supplemental needs trust to authorize the trustee to provide for the educational support of Steven Cimino’s children, namely, Stefany Cimino and Joseph Cimino, by paying one half of their college tuition, provided that such amendment will not adversely affect the Medicaid benefits that Steven Cimino presently receives is denied without prejudice to a renewed application supported by the written consent of the local agency through which Mr. Cimino’s Medicaid benefits are provided affirmatively stating that such amendment will not adversely affect the Medicaid benefits that Steven Cimino presently provides, and further, upon a demonstration that sufficient trust funds will remain to adequately meet the needs of Steven Cimino that are not provided by governmental benefits.