In the Matter of ROLLO FRENCH, Appellant, v ANNA FRENCH, Respondent. [787 NYS2d 115]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Hamill, J.), dated December 17, 2003, which denied his objections to stated portions of an order of the same court (Shamahs, S.M.) dated November 3, 2003, which, inter alia, granted that branch of the mother's petition which was to require him to pay educational expenses for the child Ruth French.

Ordered that the order dated December 17, 2003, is modified, on the law, by deleting the provision thereof denying the father's objections to so much of the order dated November 3, 2003, as

granted that branch of the petition which was to require him to pay educational expenses for the child Ruth French and substituting therefor a provision sustaining those objections; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing and a new determination in accordance herewith.

In reviewing the mother's petition, the Support Magistrate concluded that the mother demonstrated a sufficient change of circumstances and directed the father to contribute to the college costs of the parties' daughter. While a court may order a parent to contribute to the child's educational expenses (*see* Family Ct Act § 413 [1] [c] [7]; Domestic ·Relations Law § 240 [1-b] [c] [7]), a court does not have unfettered discretion in making such an award (*see Saslow v Saslow,* 305 AD2d 487 [2003]). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Chan v Chan,* 267 AD2d 413, 414 [1999], quoting *Manno v Manno,* 196 AD2d 488, 491 [1993]; *see Matter of Wieser v Wieser,* 253 AD2d 467 [1998]; *York v York,* 247 AD2d 612 [1998]).

Here, the Support Magistrate applied the incorrect standard in directing the father to contribute to the college costs of the parties' daughter based only on the conclusion that there was a change of circumstances. Accordingly, we remit the matter to the Family Court, Kings County, for a hearing and a new determination as to whether an award of college and educational expenses is appropriate (*see Saslow v Saslow, supra; Mrowka v Mrowka,* 260 AD2d 613 [1999]). We note that, if such an award is made, the father would be entitled to a credit against his child support obligation for the period of time that the child is away at school (*see Saslow v Saslow, supra; Jablonski v Jablonski,* 275 AD2d 692 [2000]; *Sheridan v Sperber,* 269 AD2d 439 [2000]).

The father's remaining contentions are without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.