■ DARRELL GAVRIN, Appellant, v GEORGE M. HEYMANN, Respondent. [812 NYS2d 139]—

In a matrimonial action in which the parties were divorced by judgment dated August 22, 2000, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated July 10, 2004, which denied her motion pursuant to Domestic Relations Law § 240 to compel the defendant to pay 50% of the college educational costs for the parties' daughter.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings before a different justice to determine, de novo, the appropriate percentages that the parties are obligated to pay toward the daughter's college educational costs and whether the defendant is entitled to a suspension of his child support obligation for the daughter during those periods of time she is actually residing at and attending college during the academic year.

In light of the parties' stipulation of settlement (hereinafter the stipulation) and the defendant's admissions, it is clear that

the parties agreed that each party would pay a percentage of their children's college educational costs (*see Dompkowski v Dompkowski,* 159 AD2d 1021 [1990]). In denying the plaintiff's motion pursuant to Domestic Relations Law § 240 to compel the defendant to pay 50% of the daughter's college educational costs, the Supreme Court indirectly placed the obligation for paying the college educational costs entirely upon the plaintiff, a result at variance with the parties' stipulation and their respective resources and earning capabilities. Therefore, we remit the matter to the Supreme Court so that it can determine the appropriate percentages that the parties are obligated to pay toward the daughter's college educational costs and for such adjustment of the defendant's child support obligation as may then be appropriate (*see Navin v Navin,* 22 AD3d 474 [2005], citing *Justino v Justino,* 238 AD2d 549 [1997]).

The plaintiff's remaining contentions are either without merit or have been rendered academic in light of our determination. Adams, J.P., Ritter, Lifson and Lunn, JJ., concur.