In the Matter of LAURA DURSO, Appellant, v GERALD DURSO, Respondent. [893 NYS2d 81]—

The petitioner Laura Durso (hereinafter the mother) and the respondent Gerald Durso (hereinafter the father) were divorced by judgment dated October 21, 2002. In 2007 the mother commenced this proceeding in the Family Court, seeking, inter alia, to modify the father's child support obligation by requiring him to pay a share of the tuition for the parties' daughter Concetta for the parochial high school she was attending. After a hearing, the Support Magistrate determined, inter alia, that the father was required to pay for 50% of Concetta's tuition. The Family Court granted the father's partial objection to the Support Magistrate's order and, in effect, vacated, among other things, so much of the Support Magistrate's order as directed the father to contribute to the cost of Concetta's high school tuition. The mother appeals.

Contrary to the Family Court's conclusion, the mother was not required to demonstrate "an unanticipated and unreasonable change in circumstances" (*Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]) to support her application to modify the father's child support obligation. Where, as here, the parties' judgment of divorce and stipulation of settlement are silent as to the costs of private secondary education, the appropriate standard for determining the mother's application is found in the Child Support Standards Act, pursuant to which a court may award educational expenses if it determines that a private school education is appropriate for the child, "having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires" (Domestic Relations Law § 240 [1-b] [c] [7]; *see Mrowka v Mrowka*, 260 AD2d 613 [1999]; *York v York*, 247 AD2d 612, 613 [1998]; *Allen L. v Myrna L.*, 224 AD2d 495, 496 [1996]). Under this standard, a court may, in its discretion, direct a parent to pay

the educational expenses of a child, even in the absence of special circumstances or a voluntary agreement (*see Matter of Poznik v Froebel*, 1 AD3d 366, 367 [2003]; *York v York*, 247 AD2d 612, 613 [1998]; *Allen L. v Myrna L.*, 224 AD2d 495 [1996]; *Matter of Cassano v Cassano*, 203 AD2d 563 [1994], *affd* 85 NY2d 649 [1995]; *Manno v Manno*, 196 AD2d 488, 491 [1993]).

In this case, the evidence presented at the hearing before the Support Magistrate established that the father had ample financial resources, far exceeding those of the mother, enabling him to contribute to the cost of Concetta's parochial high school tuition without impairing his ability to support himself and maintain his own household (*see Gavrin v Heymann*, 27 AD3d 693 [2006]; *Frei v Pearson*, 244 AD2d 454, 456 [1997]). Moreover, the fact that Concetta enrolled in the parochial high school as a freshman, with the father's approval and with initial financial support from him, and performed well at that school, warrants a finding that it was in her best interests to remain at that school, rather than having her academic and social life disrupted by a transfer to a different high school (*see Valente v Valente*, 114 AD2d 951 [1985]).

Thus, the Support Magistrate properly determined that the father should be directed to pay 50% of Concetta's private secondary school tuition, and the father's objection to that determination should have been denied. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.