■ In the Matter of MICHELLE AMOS-RICHBURG, Appellant, v FRANK RICHBURG, Respondent. [942 NYS2d 613]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Klein, J.), entered June 27, 2011, as denied her objections to so much of an order of the same court (Furman, S.M.), entered March 10, 2011, as, after a hearing, denied that branch of her petition which was to direct the father to pay his pro rata share of private school expenses for the parties' child and, sua sponte, terminated the father's obligation to contribute to child care expenses.

Ordered that the order entered June 27, 2011, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the mother's objections to the order entered March 10, 2011, are sustained, so much of the order entered March 10, 2011, as denied that branch of her petition which was to direct the father to pay his pro rata share of private school expenses for the parties' child and, sua sponte, terminated the father's obligation to contribute to child care expenses is vacated, the father's obligation to contribute to child care expenses is reinstated, retroactive to June 2, 2008, that branch of the mother's petition which was to direct the father

to pay his pro rata share of private school expenses for the parties' child is granted, and the matter is remitted to the Family Court, Westchester County, for a determination of the amount owed by the father for the child's private school expenses and for a computation of arrears owed by the father for child care expenses retroactive to June 2, 2008.

The parties are the parents of one child. When the child was three years old, the parties jointly enrolled him in a private pre-kindergarten, where he received a full scholarship. The parties were subsequently divorced by a judgment entered July 31, 2003. The judgment incorporated and continued the terms of a Family Court order of support, entered December 8, 1999. Pursuant to the order of support, the father was obligated to, inter alia, pay the mother the sum of $102 biweekly for child care. The judgment of divorce and order of support were silent as to the parties' respective responsibilities for the child's private school expenses in the event that he ceased to receive a full scholarship.

On June 2, 2008, the mother filed a petition seeking an upward modification of the father's child support obligations set forth in the judgment. At a hearing held on September 16, 2008, the mother requested, inter alia, that the father be directed to pay his pro rata share of the child's private school expenses. The mother testified that the child was enrolled in the same school since pre-kindergarten. However, the child no longer received a full scholarship, and the mother alone had been paying his expenses. After a hearing, the Support Magistrate, among other things, denied the mother's request to direct that the father pay his pro rata share of the child's private school expenses and, sua sponte, terminated the father's obligation to contribute to child care expenses, retroactive to June 2, 2008. The mother's objections to these rulings were ultimately denied.

The Support Magistrate improvidently exercised her discretion in denying the mother's request to direct the father to pay his pro rata share of the child's private school expenses. "Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court's discretion is not improvidently exercised in that regard. 'In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice' " (*Chan v Chan*, 267 AD2d 413, 414 [1999] [citations omitted], quoting *Manno v Manno*, 196 AD2d 488, 491 [1993]).

In this case, the child was enrolled in the private school with the father's approval, and performed well in that school, circumstances which warrant a finding that it is in the child's best interest to remain at that school, rather than having his academic and social life disrupted by a transfer to a different school (*see Matter of Durso v Durso*, 68 AD3d 1107, 1109 [2009]; *Valente v Valente*, 114 AD2d 951 [1985]). Additionally, there was no evidence that the father's ability to support himself and maintain his own household would be impaired if he were directed to pay his pro rata share of the child's private school expenses (*see Matter of Durso v Durso*, 68 AD3d at 1109). Accordingly, the Support Magistrate improvidently exercised her discretion in refusing to direct the father to pay his pro rata share of the child's private school expenses. Since the record contains no evidence regarding the child's private school expenses, this matter must be remitted to the Family Court, Westchester County, for a determination of the amount owed by the father for the child's private school expenses.

Additionally, the Support Magistrate erroneously terminated, sua sponte, the father's obligation to contribute to child care. Pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), where the custodial parent incurs child care expenses as a result of, inter alia, his or her employment, the noncustodial parent may be required to pay his or her proportionate share of such expenses as a supplement to the basic support obligation, and such expenses shall be prorated in the same proportion as each parent's income is to the combined parental income (*see* Domestic Relations Law § 240 [1-b] [c] [4]; *Matter of Wallin v Wallin*, 53 AD3d 663, 664 [2008]; *McBride v McBride*, 238 AD2d 320, 321 [1997]).

Here, the mother testified that she works as a private banker, which often requires her to work until 11:00 P.M. or midnight during the week. She also testified that she did not believe that the child was old enough to be alone for such long periods of time after school, and that she paid a babysitter to watch him three or four times a week. Under these circumstances, it was error for the Support Magistrate to, sua sponte, terminate the father's obligation to contribute to child care expenses. Accordingly, the father's obligation to contribute to child care expenses must be reinstated, retroactive to June 2, 2008, and the matter must also be remitted to the Family Court, Westchester County, for a computation of arrears owed by the father for child care expenses retroactive to June 2, 2008. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.