In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from (1) stated portions of an order of the Family Court, Queens County (Jolly, J.), dated June 7, 2012, which, among other things, denied her objection to so much of an order of the same court (Kaur, S.M.), dated April 4, 2012, as, after a hearing, directed her to *536 pay 29% of the educational expenses of the subject children, and (2) so much of an order of the same court dated August 6, 2012, as granted her objection to so much of a fact-finding order of the same court (Kaur, S.M.), dated June 15, 2012, as found her annual income to be $79,256, only to the extent that it determined her annual income to be $65,879 rather than $52,000, and denied her objection to so much of the fact-finding order dated June 15, 2012, as clarified the mother’s obligation to pay 29% of the subject children’s educational expenses.
Ordered that the order dated June 7, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the mother’s objection to so much of the order of the Support Magistrate dated April 4, 2012, as directed the mother to pay 29% of the educational expenses of the subject children, and substituting therefor a provision granting that objection and vacating that portion of the order dated April 4, 2012; as so modified, the order dated June 7, 2012, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order dated August 6, 2012, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the mother’s objections to so much of the fact-finding order dated June 15, 2012, as clarified the mother’s obligation to pay 29% of the educational expenses of the subject children, and substituting therefor a provision granting that objection and vacating that portion of the fact-finding order dated June 15, 2012; as so modified, the order dated August 6, 2012, is affirmed insofar as appealed from, without costs or disbursements.
In 1997, the parties, who were married in 1984 and had three children, were divorced pursuant to a judgment which incorporated, but did not merge with, their stipulation of settlement. Pursuant to the stipulation of settlement, they agreed that the children were to reside with the father, although the parties would have joint custody. The stipulation, which provided that the mother was to pay child support to the father, was silent with respect to any obligation by the mother to contribute to the children’s educational expenses.
In 2011, the father commenced this child support proceeding after the mother, who had previously been voluntarily paying child support to the father, ceased paying child support. Although the father had not sought, in his petition, to compel the mother to contribute toward the subject children’s educational expenses, the Support Magistrate, inter alia, directed the mother to pay 29% of those expenses.
*537 “Unlike the obligation to provide support for a child’s basic needs, ‘support for a child’s college education is not mandatory’ ” (Matter of Lynn v Kroenung, 97 AD3d 822, 823 [2012], quoting Cimons v Cimons, 53 AD3d 125, 127 [2008]). “Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child’s education, even in the absence of special circumstances or a voluntary agreement of the parties, as long as the court’s discretion is not improvidently exercised in that regard” (Chan v Chan, 267 AD2d 413, 414 [1999]; see Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113 [2012]). Here, however, the Family Court improvidently exercised its discretion in directing the mother to pay 29% of the subject children’s educational expenses, since the father affirmatively stated that he was not seeking such contribution from the mother.
The mother’s remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.