■ In the Matter of Sarah O'Gorman, Respondent, v John O'Gorman, Appellant. (Proceeding No. 1.) In the Matter of John O'Gorman, Appellant, v Sarah O'Gorman, Respondent. (Proceeding No. 2.) [996 NYS2d 182]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Woods, J.), entered October 29, 2013, as denied his objections to so much of an order of the same court (Krahulik, S.M.), dated August 1, 2013, as, after a hearing, granted the mother's petition for an upward modification of his child support obligation as set forth in the parties' judgment of divorce and to require him to pay his pro rata share of the college expenses of the parties' oldest child.

Ordered that the order entered October 29, 2013, is affirmed insofar as appealed from, with costs.

The substantial increase in the father's income, plus the mother's evidence of specific increased expenses related to the

parties' children, warranted an upward modification of the father's child support obligation based upon a substantial change in circumstances (see Matter of Ryan v Levine, 80 AD3d 767 [2011]; McMahon v McMahon, 19 AD3d 464 [2005]; Matter of Elia v Elia, 299 AD2d 358, 358 [2002]; Matter of Staffanell v Staffanell, 220 AD2d 751, 751-752 [1995]). Further, under the circumstances of this case, the Support Magistrate providently exercised her discretion in determining that the father should pay a pro rata share of the expenses for parties' oldest son to attend an out-of-state public university (see Domestic Relations Law § 240 [1-b] [c] [7]; see generally Matter of Thompson v Malcolm, 71 AD3d 1154, 1154-1155 [2010]; Matter of Niewiadomski v Jacoby, 61 AD3d 871, 872 [2009]; Matter of French v French, 13 AD3d 624 [2004]; Chan v Chan, 267 AD2d 413, 414 [1999]).

The father's remaining contentions are unpreserved for appellate review. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.