Appeal by the mother from an order of the Family Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated August 12, 2016. The order, insofar as appealed from, in effect, denied the mother’s objections to so much of an order of that court (Meridith Lafler, S.M.) dated February 23, 2016, as, after a hearing, directed the father to contribute the sum of only $2,700 per semester for the college expenses of the parties’ daughter.
 

 Ordered that the order dated August 12, 2016, is affirmed insofar as appealed from, with costs.
 

 The parties were married in 1991 and are the parents of two children, a son and a daughter. The parties were divorced by a judgment of divorce entered November 29, 1999, which incorporated, but did not merge, a separation agreement between the parties dated June 17, 1998. As relevant here, the separation agreement stated: “The parties are not making any specific provisions for the payment of college expenses which may be incurred on behalf of the infant children because of the tender age of said children as of the date of this Agreement. The parties do, however, acknowledge an obligation on each of their parts to contribute to the children’s future college expenses in accordance with their financial abilities at that time.”
 

 In June 2015, the mother commenced this proceeding pursuant to Family Court Act article 4 to enforce the above provision of the separation agreement, alleging that the father refused to pay any of their daughter’s college expenses. After a hearing, the Support Magistrate issued an order directing the father to contribute $2,700 per semester toward the daughter’s college expenses for each semester she has attended college and will attend college in the future, until her emancipation.
 

 The father and the mother each filed objections to the Support Magistrate’s order. On August 12, 2016, the Family Court issued an order denying the father’s objections and, in effect, denying the mother’s objections. The mother appeals from that order.
 

 “Unlike the obligation to provide support for a child’s basic needs, support for a child’s college education is not mandatory” (Matter of Grubler v Grubler, 108 AD3d 535, 537 [2013] [internal quotation marks omitted]; see Matter of Lynn v Kroenung, 97 AD3d 822, 823 [2012]; Cimons v Cimons, 53 AD3d 125, 127 [2008]). Here, the father voluntarily agreed “to contribute to” his daughter’s “future college expenses in accordance with [his] financial abilities.” Contrary to the mother’s contention, the Family Court providently exercised its discretion in determining, based on the father’s financial abilities, that he should contribute the sum of $2,700 per semester (or $5,400 annually) toward the daughter’s college expenses.
 

 The father’s remaining contention is not properly before this Court.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.