Matter of Weissbach v Weissbach (2019 NY Slip Op 00890)





Matter of Weissbach v Weissbach


2019 NY Slip Op 00890


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-05658
 (Docket No. F-9610-16)

[*1]In the Matter of Kimberly L. Weissbach, appellant,
v
Raymond F. Weissbach, respondent.


Proskauer Rose LLP, New York, NY (Matthew V. Rotbart and John H. Gross of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an amended order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 2, 2018. The amended order, insofar as appealed from, after a hearing, (1) directed the father to pay the sum of only $25 per week in child support for the parties' three children, and (2) denied that branch of the mother's amended petition which was for an award of private school educational expenses for the three children.
ORDERED that the amended order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the father to pay the sum of $25 per week in child support for the parties' three children, and substituting therefor a provision directing the father to pay the sum of $546.16 per week in child support for the three children, and (2) by deleting the provision thereof denying that branch of the mother's amended petition which was for an award of private school educational expenses for the three children, and substituting therefor a provision granting that branch of the amended petition and directing the father to pay 78% of the children's private school educational expenses; as so modified, the amended order is affirmed insofar as appealed from, with costs payable to the mother.
The parties began living together in 2003 and have three children together. They were married in 2013. In 2014, the father left the marital home, where the mother and the children continued to reside. In January 2017, the mother filed an amended petition seeking, inter alia, child support for the three children and an award of educational expenses for the private school that the children had been attending.
After a fact-finding hearing, the Family Court imputed an additional $20,800 of income per year to the father above the income of $8,354 per year earned by the father from his auto parts business, less $639.08 for social security and medicare taxes, for a total adjusted gross income of $28,514.92. The court imputed $27,040 of income to the mother based on her testimony that she had worked as a medical assistant at the rate of $13 per hour. The court determined that the parties' combined parental income was $55,554.92 per year, that their combined child support obligation for three children was $16,110.93 per year, that the father's pro rata share was 51% while the mother's pro rata share was 49%, and that the father's weekly child support obligation pursuant to the Child Support Standards Act formula would be $158.01. The court determined, however, that "it would be unjust and inappropriate," pursuant to Family Court Act § 413(1)(f), to direct the father to pay [*2]child support in the sum of $158.01 per week because he was already voluntarily paying most of the household expenses for the children and the mother. The court therefore directed the father to pay child support in the sum of $25 per week, and denied that branch of the mother's amended petition which sought an award of private school educational expenses for the children. The mother appeals.
The Family Court improvidently exercised its discretion in imputing only an additional $20,800 of income to the father above the income of $8,354 earned from his auto parts business. The court should have imputed an additional $70,000 per year, less $639.08 for social security and medicare taxes, for a total adjusted gross income for the father of $98,514.92. In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives (see Baumgardner v Baumgardner, 98 AD3d 929; Matter of Rohme v Burns, 92 AD3d 946; Matter of Bouie v Joseph, 91 AD3d 641). Here, the credible testimony established that, since 2009, the father had been contributing an additional $70,000 per year toward household expenses from sums that he had inherited (see Matter of Abellard v Aime, 18 AD3d 653; Miller v Miller, 18 AD3d 629; Matter of Cody v Evans-Cody, 291 AD2d 27). The father also had substantial assets. Therefore, the court should have determined that the parties' combined parental income was $125,554.92 per year, that the combined parental child support obligation for three children was $36,410.93 per year, that the father's pro rata share was 78%, or $28,400.53 per year, and that the father's weekly child support obligation was $546.16. Further, the father's voluntary contributions to household expenses do not furnish a basis to depart from the Child Support Standards Act calculation (see Family Ct Act § 413[1][f]). Such voluntary payments constitute, at most, an unenforceable promise to pay.
We also agree with the mother's contention that the Family Court improvidently exercised its discretion in denying that branch of her amended petition which was for an award of private school educational expenses. In determining whether to award educational expenses, a court must consider "the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113). Here, the credible evidence established that the children were enrolled in private school with the father's approval, and that the father could support himself and contribute to the children's private school tuition and expenses (see id. at 1113-1114; see also Family Ct Act § 413[1][c][7]; Matter of Durso v Durso, 68 AD3d 1107). Therefore, the court should have granted that branch of the mother's amended petition and directed the father to pay 78% as his pro rata share of the children's private school educational expenses.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court